AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America )<br>v. )<br>)<br>MARCELLIS BLACKWELL )<br>*Defendant* ) | Case No.  4:23 CR 505 RLW (PLC) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☒ Lack of stable residence
☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

At the detention hearing, the parties proceeded by proffer and argument.  The Bail Report from Pretrial Services recommends detention.  The parties confirmed that they had reviewed the Bail Report.  Defendant objected to the assertion that he posed a risk of non-appearance because he had a history of failure to appear.  Defendant contends that he failed to appear for a minor traffic matter only.  Otherwise, the parties had no objection to the facts in the Bail Report.  The undersigned adopts and incorporates herein the facts in the Bail Report, except that the undersigned will not count his failure to appear in a traffic matter against him for present purposes.

The government filed a detailed, written detention motion [ECF No. 4], and relied largely, but not entirely, on the facts in that pleading.  The government contends that Defendant poses a risk of nonappearance due to his minimal ties to our District, his prior work as a truck driver, and the fact that he has a passport which he cannot locate to surrender.  The government also noted that Defendant provided information to Pretrial Services concerning his family circumstances which his mother partially contradicted.  The government represented that Defendant repeatedly contacted and intimidated a victim in this matter.  Defendant is also being held in a related State case where he has been unable to post bond.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 4 Oct. 2023                                               /s/ *John M. Bodenhausen*
                                                                          UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant contends that the government has not met its burden of proof.  Defendant believes there are conditions that would reasonably ensure his appearance and the safety of the community.  Even if Defendant returned to driving a truck, he could be limited to local routes only.  Defendant believes his ties to our District are stronger than suggested—his stepfather has family in the Troy, MO, area, and he has a strong history with some of those persons.  Defendant was not sure if he would be permitted to live with those family members, but he would be able to reside in the Chicago area, with his mother, if released.  Defendant is indigent and lacks resources to flee.  Defendant acknowledged that he changed his name, but he changed it officially and he is not using an alias.  Defendant acknowledged the seriousness of the alleged offenses, but asked the Court to consider that he is no longer a police officer, so he is no longer able to abuse that position.  Defendant took issue with the government's contention that he attempted to obstruct or intimidate a victim, and in any event, he contends that obstruction alone does not reflect dangerousness.  Defendant does not have any criminal history or history of violence.

Based on the entire record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community.  While Defendant's attorney advanced some thoughtful arguments, those arguments were more in the nature of a divide-and-conquer approach, as opposed to a consideration of the totality of the circumstances.

Defendant is charged with extraordinarily serious civil rights and sex offenses.  For the limited purposes of deciding the issue of release or detention, the undersigned finds that the weight of the government's evidence is very strong.  The undersigned gives great weight in this specific case to this factor because Defendant was operating in a position of significant trust and the available information demonstrates that he repeatedly abused that trust and sexually assaulted citizens.  The undersigned also gives great weight to the government's proffer that Defendant intimidated / threatened a victim in this matter.  Defendant faces a lengthy term of imprisonment if convicted.  Many of the conditions proffered by Defendant's attorney would require the Court to trust that Defendant would obey the conditions.  Defendant has some ties to this District, but he has much stronger ties outside the District and a history of nationwide travel.  Defendant has also changed his name in the past.  Defendant reported that he changed his name ten years ago, but his mother reported that the name change was more recent.  Defendant has not offered a viable home plan in our District.  Defendant is facing related State charges that would also carry a lengthy term of prison and he has been unable to make bond in that case.  The totality of the circumstances reflect that the government has met its burden of proof.

The government's motion for pretrial detention is granted.