# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CR-505 RLW |
| ) | |
| MARCELLIS BLACKWELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Marcellis Blackwell's Motion for Revocation of the Magistrate Judge's Detention Order (ECF No. 22). U.S. Magistrate Judge John M. Bodenhausen ordered Defendant detained after he found that the Government established by clear and convincing evidence that Defendant presents a danger to the community, and by a preponderance of the evidence that Defendant is a flight risk.

The Government filed a response opposing the motion (ECF No. 24). Defendant did not file a reply and the time to do so has passed. Defendant's motion is therefore ready for decision. The Court has conducted de novo review of the record, and will adopt the Magistrate Judge's order of detention and reasons as it agrees fully therewith. Accordingly, the Court will deny Defendant's motion.

**Legal Standard**

The Court reviews the detention order de novo, without deference to the Magistrate Judge's findings. See United States v. Koenig, 912 F.2d 1190, 1191-92 (9th Cir. 1990); see generally United States v. Maull, 773 F.2d 1479, 1481-82 (8th Cir. 1995) (en banc) (de novo review of order setting bond appropriate). The Court is "required to analyze the conditions of release to determine whether any would give reasonable assurance of appearance." Id. at 1485.

A defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j). A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (citing United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985)); see 18 U.S.C. § 3142(c), (e)-(f). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (quoting United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986)).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"Reviewing without deference does not require the district court to start over in every case and proceed as if the magistrate's decision and findings do not exist." United States v.

Cook, No. 23-3147, __ F.4th __, 2023 WL 8463702, at *4 (8th Cir. Dec. 7, 2023) (cleaned up) (quoted case omitted). "If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." Id. (citing cases).

**Discussion**

The Court has reviewed the entire record, including the Government's motion for detention, the Pretrial Services Office's bail report, the Order of Detention, the transcript of the detention hearing, and the parties' briefing on the instant motion. Having done so, it agrees fully with the Magistrate Judge's order and reasons. Further, the Government offers additional facts in its opposition that evidence the potential danger Defendant presents to the safety of the community and to specific persons. Specifically, the Government asserts:

> 10. In addition to evidence on his cellular phones related to the eight victims of his charged conduct in the present Indictment and possible 10 additional victims identified through continued investigation, the defendant took and retained photographs and videos of private citizens who were not in his custody as a police officer. He took those photographs and videos while he was both on and off duty. These private citizens were covertly photographed and/or recorded by the defendant in both a small elevator and public restrooms. The photographs and recordings taken in public restrooms show men at urinals and men in stalls, taken from under the wall of an adjacent stall.
>
> 11. While not of a sexual nature, the defendant took and retained photographs of identification cards, primarily driver's licenses, of approximately 150 citizens. These images are on the defendant's two cellular phones, with over 120 of them on the phone he described to law enforcement as his personal phone. Each of these images depicts a photograph and personal identifying information of its owner.
>
> 12. Also on the defendant's cellular phones, there are photographs of several Normandy High School student identification cards. These images include the name, grade, and a photograph of each of the students.
>
> 13. Considering the data that the defendant collected and retained and the knowledge that there are additional victims cooperating with continued investigation, the safety of the community in general, as well as specific individuals, is at risk should the defendant be released.

(ECF No. 24 at 4.) Defendant has made no response to these factual allegations.

**Conclusion**

Based on de novo review of the entire record, the Court finds the circumstances warrant detention as the Government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community, and has shown by a preponderance of the evidence that no condition or set of conditions will reasonably assure Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Marcellis Blackwell's Motion for Revocation of the Magistrate Judge's Detention Order (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Blackwell shall remain committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Marshals Service.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of December, 2023.