UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CR-505 AGF PLC |
| MARCELLIS BLACKWELL, | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SIXTEEN COUNTS CHARGING 18 U.S.C. § 242 OR ALTERNATIVELY FOR A BILL OF PARTICULARS**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Christine Krug, Assistant United States Attorney for said District, and files its Opposition to Defendant's Motion to Dismiss the counts charged under 18 U.S.C. § 242 or in the alternative for a bill of particulars. Doc. 95. Because the Indictment clearly alleges every element of each offense charged, his argument fails.

**RELEVANT FACTUAL BACKGROUND**[1]

The defendant was a North County Police Cooperative (NCPC) police officer, having been employed since his graduation from the police academy in May 2022. On June 5, 2023, DW1 reported to the North County Police Cooperative (NCPC) that the defendant sexually assaulted DW1 when the defendant arrested DW1 on Saturday, June 3, 2023 at approximately 4:30 pm.

DW1 reported that the defendant pulled over DW1 for traffic violations; DW1 was driving

---

[1] The recitation of facts in this response should not be construed as a bill of particulars or as limiting the United States' proof at any later hearing or trial. Further, it only includes relevant information for purposes of the pending motions.

1

his girlfriend's car and DW1's younger brother was in the passenger seat. DW1's brother was wearing a bag which contained a firearm. During the stop, DW1's brother advised the defendant he had a firearm. The defendant put DW1 in the backseat of his police car and DW1's brother took off his bag and exited the car. The defendant removed the gun from the bag. Upon running DW1's criminal history, the defendant learned that DW1 had a suspended driver's license and was a convicted felon. The defendant told DW1 he was being arrested for unlawful possession of a firearm and handcuffed DW1, with his hands behind his back. DW1's brother was not arrested. Prior to leaving the area, the defendant deactivated his body-worn camera.

Instead of driving directly to the St. Ann Police Department[2] the defendant drove onto the parking lot of Normandy High School and parked in the area where school buses were parked. While there, the defendant made DW1 get out of the police vehicle while DW1 was still handcuffed behind his back. The defendant proceeded to put his hand down DW1's shorts and underwear and fondle DW1's penis and testicles. While he stroked DW1's genitals, the defendant discussed DW1's criminal history. Additionally, the defendant retrieved a cellular phone and put it inside DW1's pants and underwear. DW1 noted the camera light on the cellular phone was turned on. When he was finally done assaulting DW1, the defendant told DW1 he was only going to book him for driving with a suspended license. The Defendant told DW1 that DW1 would get booked and released within an hour and that the defendant would stay at the station to make sure DW1 was released. When DW1 expressed concern about possible criminal charges, the defendant told DW1, "this ain't never gonna make it to the prosecutor's office." Later, law enforcement discovered video and audio recording of the sexual assault on the defendant's cellular phone.

---

[2] NCPC utilized the St. Ann Police Department for the booking of their arrestees.

2

The commanders of NCPC investigated DW1's allegations against the defendant. Video from a business near Normandy High School confirmed defendant's patrol car entered and exited the parking lot. NCPC also confirmed the defendant did not apply for charges related to DW1's arrest with the St. Louis County Prosecuting Attorney's Office.

The facts of the investigation were presented to the St. Louis County Prosecuting Attorney's Office and the defendant was subsequently indicted for Sodomy and Kidnapping. After the defendant was initially charged and the case was reported in the media, additional victims came forward. At that time, the Federal Bureau of Investigation (FBI) took over the investigation. During the course of the investigation, it was determined that despite a NCPC policy requiring that body worn camera be activated until an arrested subject is booked or a subject has left a scene, the defendant was deactivating his body worn camera prematurely. The defendant then claimed in his written reports that his camera was activated for the entirety of the interaction.

On September 27, 2023, a federal grand jury indicted the defendant for multiple charges involving eight victims. Doc. 2. The FBI obtained search warrants[3] for two of the defendant's cellular phones. Additional victims were identified through videos on one of the defendant's cell phones. Each of those victims had been arrested by the defendant.

During the course of the investigation, it was learned that the defendant was paying for additional Google storage. On November 14, 2023, Judge John M. Bodenhausen issued a search warrant for the defendant's Google account.[4]

A Superseding Indictment was filed on January 31, 2024, with 36 charges involving 20

---

[3] 4:23 MJ 3203-1 NCC (Motorola) and 4:23 MJ 3203-2 NCC (Samsung)
[4] 4:23 MJ1363 JMB

3

unique victims for offenses occurring between November 8, 2022 and June 5, 2023. Doc. 29. Counts 2, 4, 7, 12, 14, 16, 18, 19, 21, 23, 25, 27, 29, 31, 33, and 35 charged the defendant with violations of 18 U.S.C. §242, including a kidnapping sentencing enhancement. Count 6 charges the defendant with a violation of 18 U.S.C. § 242, including both a kidnapping and aggravated sexual abuse sentencing enhancement. Counts 3, 5, 8, 10, 11, 13, 15, 17, 20, 22, 24, 26, 28, 30, 32, 34, and 36 charged violations of 18 U.S.C. §1519.

On November 12, 2024, the defendant filed a Motion to Dismiss Counts 3, 5, 8, 10, 11, 13, 15, 17, 20, 22, 24, 26, 28, 30, 32, 34, and 36 or, in the alternative, for a bill of particulars (Doc. 59), a Motion to Dismiss Counts 2, 4, 6, 7, 12, 14, 16, 18, 19, 21, 23, 25, 29, 31, 33, and 35, or, in the alternative, for a bill of particulars (Doc. 60), and a Motion to Suppress Evidence (Doc. 67). The United States filed its Response in Opposition to defendant's Motion to Dismiss Counts 2, 4, 6, 7, 12, 14, 16, 18, 19, 21, 23, 25, 29, 31, 33, and 35 (Doc. 75) and its Response to the defendant's Motion to Suppress (Doc. 82) on February 14, 2025. The United States also filed an Unopposed Motion for Extension of Time to respond to the defendant's Motion to Dismiss Counts 3, 5, 8, 10, 11, 13, 15, 17, 20, 22, 24, 26, 28, 30, 32, 34, and 36 on February 14, 2025.

A second Superseding Indictment was filed on February 26, 2025, with 35 charges involving 20 unique victims for offenses occurring between November 8, 2022 and June 5, 2023. Doc. 83. Counts 1, 2, 4, 7, 9, 11, 13, 15, 17, 18, 20, 22, 24, 26, 28, 30, 32, and 34 charged the defendant with violations of 18 U.S.C. §242, including a kidnapping sentencing enhancement. Count 6 charges the defendant with a violation of 18 U.S.C. § 242, including both a kidnapping and aggravated sexual abuse sentencing enhancement. Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31, 33, and 35 charged violations of 18 U.S.C. §1519.

4

On April 4, 2025 the defendant filed Motions to Withdraw his previously filed Motions to Dismiss (Docs. 59 and 60) and on April 5, 2025 filed a Motion to Dismiss Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31, 33, and 35 or, in the alternative, for a bill of particulars (Doc. 94), a Motion to Dismiss Counts 2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24, 28, 30, 32, and 34, or, in the alternative, for a bill of particulars. Doc. 95[5].

In response, the United States files this Amended Response[6] to the defendant's Motion to Dismiss the Sixteen Counts Charging 18 U.S.C. §242. Doc. 95.

## LAW AND ARGUMENT

The defendant's motion to dismiss the counts based on 18 U.S.C. §242 (counts 2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24, 28, 30, 32, and 34) (hereinafter "the kidnapping counts") or in the alternative for a bill of particulars should be denied as his arguments fail. The kidnapping counts "set forth the offense in the words of the statute itself, [and contain] such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-118 (1974) (internal citations omitted). The kidnapping counts provide fair notice to the defendant by tracking the statutory language, unambiguously alleging all of the essential elements of the crimes charged and specifying the facts and circumstances of each offense for which the defendant is charged. It is presumptively sufficient. *Id.* Moreover, the kidnapping counts are not unconstitutionally vague.

---

[5] The defendant incorrectly asserts, absent the kidnapping and aggravated sexual abuse enhancements, the maximum sentence for violating 18 U.S.C. §242 is one year. Any §242 violation involving a sexual assault is a felony. Each §242 count in his superseding Indictment includes a reference to the applicable §250 section for purposes of punishment in addition to the reference to §242.
[6] This amended response only amends the number of the challenged counts following the second Superseding Indictment. There are no substantive changes.

5

### A. The kidnapping counts are not unconstitutionally vague.

"[A]n indictment adequately states an offense if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012) (internal quotations omitted). The Eighth Circuit has held that "an indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.* at 288. In *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008), the court concluded that "an indictment is normally sufficient if its language tracks the statutory language."

There is well-developed case law establishing the standards for reviewing a claim that a statute is unconstitutionally vague. A statute must provide "the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly" and should not "trap the innocent by not providing fair warning." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

To determine whether a statute is unconstitutionally vague the Court must apply a two-part test. First, the Court must determine whether the statute provides adequate notice of the proscribed conduct. Second, the Court must determine whether the statute lends itself to arbitrary enforcement. *United States v. Bamberg*, 478 F.3d 934, 937-38 (8th Cir. 2007) (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). In evaluating a statute under the "void for vagueness" doctrine, the Court's starting point should be the "presumptive validity of the statute." *United States v. Ghane*, 673 F.3d 771, 777 (8th Cir. 2012). The void for vagueness "…inquiry looks at what a

6

person of 'common intelligence' would 'reasonably' understand the statute to proscribe, not what the particular defendant understood the statute to mean." *United States v. Washam*, 312 F.3d 926, 930 (8th Cir. 2002) (quoting *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32-33 (1963)). The Court should look to the questioned terms and determine whether an individual of common intelligence would be able to understand what conduct has been prohibited. *Washam* at 930.

The defendant alleges that the kidnapping counts are unconstitutionally vague because 18 U.S.C. § 242 does not define "kidnapping" nor does it explicitly incorporate the federal kidnapping statute. The lack of a statutory definition does not render the Act unconstitutional per se. *See Chapman v. United States,* 500 U.S. 453, 462, 467-468, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (holding that 21 U.S.C. § 841(b)(1)(B) is not unconstitutionally vague despite lack of statutory definition of the terms "mixture" and "substance").

However, multiple federal statutes include kidnapping as an element and do not define kidnapping or expressly incorporate the definition of kidnapping. *See* 18 U.S.C. §115; 18 U.S.C. § 249; 18 U.S.C. § 351; 18 U.S.C.§ 875; 18 U.S.C. § 877; 18 U.S.C. § 1583; 18 U.S.C. § 1751. In fact, the federal kidnapping statute includes kidnapping as a means of committing the offense.[7] 18 U.S.C. § 1201. Thus, the federal law certainly points to the lack of necessity of a definition within the statute for a violation of the statute to be charged and upheld upon conviction.

---

[7] 18 U.S.C. § 1201 defines kidnapping as:
> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

While the defendant relies on *United States v. Guidry*, to support his argument, such reliance is misplaced. *Guidry*, 456 F.3d 493 (5th Cir. 2006). In *Guidry*, the defendant also challenged 18 U.S.C. § 242's sentencing enhancement for kidnapping for failing to define kidnapping. *Id*. at 509. The Court held when an "enhancement provision does not specifically define the enumerated offense, we must define it according to its 'generic, contemporary meaning.'"[8] *Id.* (citing *Taylor v. United States,* 495 U.S. 575, 592–96 (1990)). In *Taylor*, the Supreme Court expressly rejected defining sentencing enhancements based on state statutes or the common-law definition. 495 U.S. at 591-95. Rather, the Supreme Court relied on a generic, modern definition, such as definitions in the Model Penal Code.[9] *Id*. at 598.

The defendant's attempts to compare different state kidnapping statutes to demonstrate a "generic, contemporary meaning" of kidnapping does not provide fair notice and invites arbitrary enforcement, also fails. Providing multiple means to commit a crime does not render the crime unconstitutionally vague. *See Taylor*, 495 U.S. at 599 (concluding the generic definition of burglary could be committed by multiple means, specifically by the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."). The Model Penal Code definition of kidnapping, the federal kidnapping statute, and many state statutes (including those cited by the defendant) reflect the same basic, consistent elements of either unlawfully removing or confining a person, for a purpose. An individual of common intelligence

---

[8] While the defendant alleges the Court, in *Guidry*, relied on Wayne R. LaFave's treatise, *Substantive Criminal Law*, to define kidnapping's "generic, contemporary meaning," the Court merely uses the treatise to reject the common-law definition of kidnapping requiring asportation in favor of a more modern definition. *Id*. at 510.

[9] The Model Penal Code defines kidnapping as unlawfully removing a person or unlawfully confining a person for the purpose of: 1) holding for ransom, reward, hostage or shield; 2) to facility the commission of a felony; 3) to inflict bodily injury or terrorize; or 4) to interfere with the performance of a governmental or political function. Model Penal Code § 212.1 (2017).

can clearly understand, using a generic definition of kidnapping, what conduct has been prohibited Thus, 18 U.S.C. § 242 is not unconstitutionally vague.

### B. The challenged counts provide sufficient notice to the defendant.

The defendant also alleges that by failing to include the specific conduct that constitutes kidnapping and aggravated sexual abuse, Counts 2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24, 28, 30, 32, and 34 (hereinafter the "challenged counts") lack sufficient notice under Rule 7 of the Federal Rules of Criminal Procedure, and must be dismissed. However, each count complies with the requirements of Rule 7 and provide sufficient notice to the defendant.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires:

> The indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government...A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

The standard for examining the sufficiency of an indictment is governed by the Supreme Court's decision in *Hamling*, in which the Court explained that an indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 117. *See also United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011); *United States v. Summers*, 137 F.3d 597, 601 (8th Cir. 1998). "Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged." *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986) *See also United States v.*

9

*Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) ("An indictment is normally sufficient if its language tracks the statutory language.") (citing *Hamling*, 418 U.S. at 117). The government "need not recite all of its evidence in the indictment." *United States v. Davila-Reyes*, 84 F.4th 400, 417 (1st Cir. 2023). *See also Hanf v. United States*, 235 F.2d 710, 713 (8th Cir. 1956).

Here, each challenged count includes the elements of 18 U.S.C. § 242. Title 18, United States Code, Section 242 states:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States…and if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Count Two, which is worded similarly to all the challenged counts, reads:

> "On or about November 22, 2022, within the Eastern District of Missouri, the defendant,
>
> **MARCELLIS BLACKWELL,**
>
> while acting under color of law, willfully deprived D.T. of his right to bodily integrity, a right secured and protected by the Constitution and laws of the United States, when he fondled D.T.'s genitals under D.T.'s clothing, without D.T.'s consent and without a legitimate government purpose, after D.T. was arrested and restrained. The defendant's conduct included kidnapping. In the course of committing the offense, the defendant engaged in sexual misconduct

10

of the type prohibited by subsection (b) of Title 18, United States Code, Section 2244.

In violation of and punishable under Title 18, United States Code, Sections 242 and 250(b)(4)(A)."

Doc. 29.

The challenged counts track the statutory language of the statute and are sufficient to satisfy Rule 7 and *Hamling*. While the defendant may want more information in the indictment, the law does not require it. *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) ("The test of the sufficiency of an indictment is not whether it could not have been made more definite and certain, but whether it contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet.")

The defendant's argument that the indictment must contain information about the specific conduct that constituted kidnapping and aggravated sexual abuse misinterprets the law. While the United States must, at trial, prove the acts that constitute the offense, including sentencing enhancements, it does not have to detail its trial proof in the indictment. *See Tebeau*, 713 F.3d at 962; *see also United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) ("To comply with Rule 7(c), an indictment need not provide the evidentiary details of the government's case."); *United States v. Primus*, No. 4:18-CR-1046 HEA, 2019 WL 5189006 (E.D. Mo. Oct. 15, 2019) ("Notwithstanding Primus's arguments to the contrary, indictments generally do not have to specify evidence or details of how the offense was committed.")  Each challenged count provides sufficient information for the defendant to prepare for trial.

The challenged counts contain the elements of the offense charged and sufficiently apprise the defendant of what he must be prepared to meet at trial. As such, the challenged counts are sufficient and should not be dismissed.

### C. The Defendant is not Entitled to a Bill of Particulars.

In lieu of dismissing the challenged counts, the defendant requests this Court order the Government to produce a bill of particulars, outlining the specific conduct giving rise to each count. However, this argument is without merit. "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'" *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing *United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002)). The purpose of a bill of particulars, however, is not to provide the defendant with evidentiary detail. *See United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006); *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979); *Hemphill v. United States,* 392 F.2d 45, 49 (8th Cir. 1968). Furthermore, a defendant is not entitled to a bill of particulars. *Wong Tai v. United States,* 273 U.S. 77, 82 (1927). Rather, a court has broad discretion to deny such a motion. *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir. 1993).

The challenged counts meet the requirements of Rule 7(f) and the law interpreting Rule 7(f). The Superseding Indictment sets out the essential facts constituting the offenses of deprivation of rights under color of law and gives the defendant sufficient notice to prepare his defense. Moreover, the defendant has been provided with voluminous discovery in this case, which clearly sets out the defendant's specific conduct as to each victim and count. The Superseding

12

Indictment, in conjunction with the discovery materials provided the defendant, adequately enables the defendant to prepare a defense and avoid unfair surprise at trial.

Accordingly, Defendant's motion should be denied.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's Motion to Dismiss and his Motion for a Bill of Particulars.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ *Christine H. Krug*
CHRISTINE H. KRUG #42586 MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system all counsel of record.

 /s/ *Christine H. Krug*
CHRISTINE H. KRUG, #42586MO
ASSISTANT UNITED STATES ATTORNEY