UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARCELLIS BLACKWELL,<br><br>    Defendant. | Case No. 4:23-CR-505 AGF/PLC |

**DEFENDANT'S POST-HEARING BRIEF
IN SUPPORT OF MOTION TO SUPPRESS**

Defendant Marcellis Blackwell filed a sealed motion to suppress challenging three search warrants and including arguments about *Franks v. Delaware*, 438 U.S. 154 (1978). ECF No. 67. Magistrate Judge Cohen held an evidentiary hearing on July 9, 2025, and gave Mr. Blackwell 30 days to file this post-hearing brief. As used here, "RT" refers to the Reporter's Transcript of the hearing, docketed at ECF No. 116.

**ARGUMENT**

**I.     The agent's testimony during the hearing supports the defense argument that the warrant affidavits include false statements.**

The evidence from the hearing supports Mr. Blackwell's argument about three false statements in the affidavits about what the alleged victims reportedly said during their interviews. These false statements relate to (1) whether DW1 said Mr. Blackwell was recording, (2) whether multiple witnesses said Mr. Blackwell used a camera, and (3) whether multiple witnesses said Mr. Blackwell used a cellphone flashlight.

**A.     The false statement about what DW1 said about recording.**

First, SA Boehlje wrote in the affidavit that "[DW1] believed Blackwell could have been recording with his cell phone." ECF No. 67 at 11. The video of DW1's interview contradicts that assertion because when police asked DW1 if Mr. Blackwell was filming, the recording shows that DW1 answered, "I don't know. I don't know." RT

1

29.  During the hearing, SA Boehlje admitted that he watched the video of DW1's interview before he wrote the warrant affidavit.  RT 28:22-29:3.  Thus, despite knowing for certain that DW1 said "I don't know" whether Mr. Blackwell was recoding, SA Boehlje swore in the affidavit that DW1 had expressed an affirmative belief that Mr. Blackwell was recording.  DW1 said no such thing, and SA Boehlje's assertion in the warrant affidavit was false.  It was either knowingly and intentionally false or recklessly so because, again, SA Boehlje admitted that he watched the video of DW1's interview before writing the affidavit.  RT 28-29.

### B. The false statement about what multiple victims said about use of a camera.

Second, SA Boehlje swore in the affidavit that "multiple" victims told law enforcement that Mr. Blackwell possibly used the camera during their interaction with Mr. Blackwell.  RT 30:21-31:2.  The parties agree that multiple means more than one.  The problem is that SA Boehlje swore that "multiple" witnesses made this statement when the true number was zero.

During the hearing, when asked to name the purported "multiple victims who said he appeared to be using the camera," SA Boehlje named DW1 and DW2.  RT 43:13-21.  Again, the video of DW1's interview shows that he answered "I don't know" when asked if Mr. Blackwell was filming.  RT 29:11-13.  As for DW2, SA Boehlje confirmed that DW2 did not say that Mr. Blackwell possibly used the camera.  SA Boehlje testified that DW2 said that Mr. Blackwell used either a standalone flashlight or a phone's flashlight.  RT 32.  SA Boehlje did *not* testify that DW2 ever said that Mr. Blackwell was using a camera.  SA Boehlje's report of the interview with DW2 is silent about whether DW2 said Mr. Blackwell was using a camera, RT 33:23, and SA Boehlje testified that if a witness had said that Mr. Blackwell used a camera, SA Boehlje would have documented that statement in the 302.  RT 31:17-21.  In fact, for all the witnesses interviewed before SA Boehlje swore the warrant affidavit on July 13, 2023, the 302 does not document any

2

statement where the witness said Mr. Blackwell was using or possibly using his camera. RT 33:19-23.

Thus, not a single witness told law enforcement that Mr. Blackwell was using or possibly using his camera. Not one. But SA Boehlje swore that "multiple" witnesses had said so. That assertion—"multiple victims *stated* Blackwell appeared to use his personal cell phone flashlight, *and possibly the camera* during the 'search' Blackwell conducted on them"—was false. RT 30:21-31:2 (italics added). There was no basis for SA Boehlje to claim that multiple victims "stated" a belief that Mr. Blackwell was using or possibly using the camera, because none of them "stated" that belief. During the hearing, SA Boehlje changed course and claimed that when he wrote in the affidavit that "multiple victims *stated*" a fact, what he really meant was that he, SA Boehlje, *inferred* what the victims thought. RT 32:9-10, 33:2-3 ("It certainly was my understanding of what he thought."), 43:21 ("that was my understanding of their reporting"). If SA Boehlje wanted to put his own inferences and conclusions in the affidavit, he could have done so, but he did not. He swore to the magistrate that multiple victims "stated" a fact, when none of them had. It was a false statement made intentionally and knowingly or at least recklessly.

    **C.**    **The false statement about what multiple victims said about use of a cellphone flashlight.**

Last, SA Boehlje swore that "multiple victims stated Blackwell appeared to use his personal cell phone flashlight[.]" RT 30. In truth, only one person, DW1, said Mr. Blackwell used his cell phone flashlight. One other witness, DW2, was unsure whether the light Mr. Blackwell used was a standalone flashlight or a cellphone light. RT 33:9-12. SA Boehlje testified that those two witnesses were the only people who talked about use of a light (or a phone). RT 36:18-20. Thus, the affidavit falsely says "multiple" witnesses described a fact, when in truth only one of them did while a second witness, by

3

his own admission, told police it could have been a regular standalone flashlight rather than a cellphone flashlight.

## CONCLUSION

The warrant affidavit falsely described what witnesses had said during their interviews with law enforcement. The false statements bolstered the argument in favor of probable cause and warrant relief under the standard in *Franks*. Mr. Blackwell respectfully moves for the Court to grant the sealed motion to suppress.

Respectfully submitted,

Dated: August 20, 2025

*/s/ Evan C. Greenberg*
Evan C. Greenberg #271356CA
The Law Offices of Evan Greenberg, LLC
231 S. Bemiston Ave., Suite 800
St. Louis, MO 63105
Phone: 314-403-2039
Fax: 650-326-9704
Email: evan@evangreenberglaw.com
Attorney for Defendant