UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  4:23-CR-505 AGF/PLC |
| | ) |
| MARCELLIS BLACKWELL, | ) |
| | ) |
| Defendant. | ) |

## Order, and Report and Recommendation

This matter is before the Court on Defendant's Motion to Dismiss all counts charging 18 U.S.C. § 1519 in the Second Superseding Indictment [ECF No. 94] and Motion to Dismiss sixteen counts charging 18 U.S.C. § 242 [ECF No. 95] in the Second Superseding Indictment, and the Government's Motion to Strike Surplusage From Indictment [ECF No. 102].  Defendant contends Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31, and 33 fail to state an offense and are subject to dismissal on the grounds that 18 U.S.C. § 1519 does not apply to the following conduct alleged in each count: "altered, concealed, covered up and falsified a NCPC record by turning off his department-issued body-worn camera." [1] [ECF No. 94] Alternatively, Defendant moves to strike the allegation from each count that Defendant violated Section 1519 by "turning off his department-issued body-worn camera." [ECF No. 94]

With respect to the Motion to Dismiss the counts charging violations of Section 242, Defendant contends that Counts 2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24 26, 28, 30, 32 and 34

---

[1] In his motion, Defendant also requests the dismissal of Count 35. [ECF No. 94] However, subsequent to Defendant filing his motion, the Government moved to dismiss Count 35 of the Second Superseding Indictment, which the Court granted. [ECF Nos. 103 & 104]

improperly include an undefined term, namely, kidnapping, and the inclusion of kidnapping as an allegation renders each count "unconstitutionally vague." [ECF No. 95] Alternatively, Defendant requests the Court to strike the kidnapping allegations from the affected counts.  Defendant also claims the sixteen Counts with a kidnapping allegation lack detail rendering those Counts insufficient. [ECF No. 95] As an alternative, Defendant seeks a bill of particulars "about the 'included kidnapping' allegation." [ECF No. 95]  Finally, Defendant raises a separate challenge to Count six claiming there is insufficient detail with respect to the term "aggravated sexual abuse[,]" thereby supporting dismissal. [ECF No. 95]

In response to Defendant's Motion to Dismiss the Section 1519 Counts on the basis of the improper inclusion of the "turning off body-worn camera" language, the Government moves to strike the words "turning off his department-issued body worn camera" from all the Section 1519 Counts. [ECF No. 102]  The Government opposes the Defendant's Section 242 Motion to Dismiss because the relevant counts track the statutory language and set forth the facts alleging the essential element of the crimes charged. [ECF No. 100] More specifically, the Government argues that the statute's lack of a kidnapping definition does not render it "unconstitutionally vague." [ECF No. 100] Likewise, the Government rejects Defendant's contention that it is required to provide additional detail about aggravated sexual abuse in Count six. [ECF No. 100] Finally, the Government denies Defendant's contention that he is entitled to a bill of particulars. [ECF No. 100]

## Discussion

### A. Dismissal of Counts Charging 18 U.S.C. § 1519 (Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31 & 33)

The Government charged Defendant with sixteen counts of altering, concealing or falsifying records in violation of 18 U.S.C. § 1519, alleging Defendant knowingly altered,

2

concealed, covered up, and falsified a North County Police Cooperative record by "turning off his department-issued body worn camera" during interactions with the victims and "including a false statement in his written report" of the victims' arrests by stating that his body camera was active and recording during the interactions.[2] [ECF No. 84]

Section 1519 provides, as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

Defendant argues that failing to make a record by turning off a body-worn camera is not specifically listed in the statute and therefore the Court should dismiss all Section 1519 counts. [ECF No. 94]  The Government has responded to Defendant's argument by moving to dismiss from each Section 1519 count the language Defendant finds problematic. [ECF No. 102] Because both the Government and Defendant agree that the Court should strike the body-worn camera language, the Court will grant the Government's Motion to Strike Surplusage [ECF No. 102] and order the language stricken.[3]

In the absence of the stricken language, these counts allege Defendant violated Section 1519, in that Defendant knowingly altered, concealed, covered up, and falsified a North County Police Cooperative record by "including a false statement in his written report of the arrest" of the victims by stating that his body camera was active and recording the entirety of the interactions.[4]

---

[2] Count 31 alleges that Defendant also falsely stated in his written report that, with respect to one victim, Defendant located a firearm in the counsel of the victim's vehicle. [ECF No. 84]

[3] Defendant stated in his response to the Government's motion to strike surplusage [ECF No. 102], in pertinent part: "… if the court denies Mr. Blackwell's motion to dismiss the §1519 counts, then the parties agree that a minimum, the Court should strike that allegation from all the remaining counts charging violation of §1519" [ECF No. 105].

[4] Again, Count 31 includes the additional allegation regarding Defendant's recovery of a firearm

3

[ECF No. 84] Defendant acknowledges in his motion to dismiss that these allegations regarding "making 'false statements' fall[] within the scope of § 1519" but contends that the Section 1519 counts "should all be dismissed… despite the inclusion of one valid theory because the grand jurors indicted based on an invalid theory that the statute does not encompass." [ECF No. 94, at 6-7] Defendant asserts that uncertainty regarding "whether the grand juror would have indicted had they been presented with only the one valid theory" warrants dismissal of the charges. [ECF No. 94] Defendant has not identified any case law supporting his contention that allegedly invalid language in a count that includes valid language requires dismissal of the count in its entirety. [5] In a reply to Defendant's response to the Government's Motion to Strike Surplusage [ECF No. 106], the Government contends that the Section 1519 counts adequately allege an offense.

"An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" United States v. Summers, 137 F.3d 597, 601 (8th Cir. 1998) (quoting United States v. Wessels, 12 F.3d 746, 750 (8th Cir.1993)). Reviewing the Section 1519 counts, the Court concludes that the charges track the statutory language, set forth every element of the

---

from the counsel of the victim's vehicle. [ECF No. 84]

[5] In United States v. Bermingham, No. H-02-597, 2007 WL 1052600, at *1-2 (S.D. Tex. Apr. 5, 2007), the court considered whether the inclusion of a valid legal theory and an invalid legal theory in a single count of the indictment violated the Fifth Amendment. In words equally instructive here, the court held:

> …the proper focus is not whether the grand jury may have been affected by the inclusion of now-abandoned theories of liability, or whether the redacted allegations are legally or factually insufficient to state a claim. Instead, the central inquiry is whether the *remaining* allegations sufficiently allege a viable, independent offense.

Id. at 2 (emphasis in original).  See also United States v. Post, 950 F.Supp.2d 519, 531 (S.D.N.Y. 2013)

defense, and allow Defendant to prepare his defense. Without the body-worn camera language in the Section 1519 counts, Defendant provides no additional basis for dismissing the Section 1519 counts. Accordingly, the Court recommends that Defendant's Motion to Dismiss the Section 1519 counts should be denied.

> B. **Dismissal of Section 242 counts alleging kidnapping (2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24, 28, 30, 32, and 34)**

> 1. **Vagueness**

Defendant contends that the counts in the Second Superseding Indictment that include an allegation of kidnapping should be dismissed because Section 242 fails to define "kidnapping" and is therefore "unconstitutionally vague." [ECF No. 95] Defendant also argues that the sixteen counts that include kidnapping should be dismissed because they fail to provide sufficient notice to enable a defense. [ECF N. 95]

The Government opposes Defendant's motion to dismiss on the grounds that Section 242 is not unconstitutionally vague. [ECF No. 100] Moreover, the Government asserts that the kidnapping counts track the statutory language, allege the essential elements of the charges, and specify the facts and circumstances of the charges. [ECF No. 100]

Defendant bases his vagueness argument on the contention that he has been deprived of "fair warning" contrary to United States v. Lanier, 520 U.S. 259 (1997). More specifically, Defendant contends that Section 242's lack of a definition for the term "kidnapping" denies fair notice to defendants and invites arbitrary enforcement. [ECF No. 95]

To determine whether a statute is unconstitutionally vague, courts employ a two-part test: (1) "the statute must provide adequate notice of the proscribed conduct"; and (2) "the statute must not lend itself to arbitrary enforcement." United States v. Washam, 312 F.3d 926, 929 (8th Cir. 2002). With respect to the first element, Defendant contends Section 242 provides inadequate

5

notice because kidnapping is not defined. [ECF No. 95] In support of his "lack of notice" argument, Defendant primarily relies on United States v. Guidry, 456 F.3d 493 (5th Cir. 2006). [ECF No. 95] However, the defendant in Guidry did not contend that the lack of a kidnapping definition rendered Section 242 unconstitutionally vague and required dismissal of the counts against him. Id. Rather, the defendant in Guidry, unlike here, argued simply that the Government failed to prove defendant qualified for a sentencing enhancement. Id. at 509. Hence, the defendant in Guidry sought a reduction in his sentence rather than a dismissal of the charges. Id. at 509-510. Accordingly, Guidry does not support Defendant's argument that the lack of a kidnapping definition in Section 242 requires dismissal of charges on the basis of vagueness.

The second element in a constitutional vagueness analysis is whether the statute lends itself to arbitrary enforcement. Defendant has provided no support for his contention that the lack of a kidnapping definition results in arbitrary enforcement. As the Government notes, multiple federal statutes include kidnapping as an element and do not incorporate a definition. See e.g. 18 U.S.C. § 115, § 249, and § 875. Moreover, as the Eighth Circuit has long held in considering whether a statute is void for vagueness "comprehensive definitions [are not required] in every criminal statute." United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir. 1987). A conclusory, speculative assertion that the lack of a kidnapping definition in Section 242 results in arbitrary enforcement does not render the statute void for vagueness. Accordingly, the Court declines to recommend dismissal of the kidnapping counts on the basis of potential for "arbitrary enforcement."[6]

### 2. Sufficiency of the indictment

---

[6] Because the Court finds the kidnapping enhancement is not unconstitutionally vague, the Court does not recommend granting Defendant his alternative requested relief to strike the kidnapping allegations from the indictment.

6

     **a. Kidnapping Counts**

Defendant contends the Court must dismiss the sixteen Section 242 counts on the grounds that the allegations lack detail. [ECF No. 95] More specifically, Defendant argues the Section 242 counts fail to "allege what conduct constituted 'kidnapping.'" [ECF No. 95] The Government counters Defendant's contention, noting that the indictment complies with Rule 7(c) of the Federal Rules of Criminal Procedure and provides sufficient notice consistent with the requirements articulated in Hamling v. United States, 418 U.S. 87, 117 (1974). [ECF No. 100]

18 U.S.C. § 242 provides as follows:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or law of the United States … and…if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Count two, and each kidnapping count of the indictment, provides in relevant part:

> On or about [date specified], within the Eastern District of Missouri, the defendant, Marcellis Blackwell, while acting under color of law, willfully deprived [victim] of his right to bodily integrity, a right secured and protected by the Constitution and law of the United States, when he fondled [victim's] genitals under [victim's] clothing, without [victim's] consent and without a legitimate government purpose, after [victim] was arrested and restrained. The defendant's conduct included kidnapping. In the course of committing the offense, the defendant engaged in sexual misconduct of the type prohibited by subsection (b) of Title 18, United States Code Section 2244. In violation of and punishable under Title 18, United States Code, Sections 242 and 250(b)(4)(A).

The Eighth Circuit consistently has held that an indictment that closely tracks the language of the underlying statute is legally sufficient. See United States v. Oakie, 12 F.3d 1436, 1440 (8th Cir. 1993). "The test for sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." United

7

States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009) (internal quotation marks and citations omitted).

An indictment is ordinarily sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense[.]" United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008); United States v. Young, 618 F.2d 1281, 1286 (8th Cir. 1980). "An indictment should not be read in a hyper[-]technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'" United States v. O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998) (citation omitted). In addition, when a defendant challenges an indictment on a motion to dismiss, the court must accept as true the government's allegations. United States v. Birbragher, 603 F.3d 478, 481 (8th Cir. 2010) (citing United States v. Farm & Homes Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991) (in considering a motion to dismiss an indictment, "we accept the government's allegations as true, without reference to allegations outside the indicting document" (internal quotation marks and citation omitted)).

To prove a deprivation of civil rights under Section 242, the government must prove the "defendant acted (1) willfully; (2) under the color of law; and (3) to deprive a person of rights protected by the Constitution or laws of the United States." United States v. Blakeney, 876 F.3d 1126, 1132 (8th Cir. 2017) (citing United States v. Lanier, 520 U.S. 259, 264 (1997)). Importantly, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." United States v. DeLaurentis, 230 F.3d 659, 660 (3rd Cir. 2000), see also United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001).

Defendant's assertion that factual detail is required in addition to that contained in the Section 242 counts is directly contrary to well-established Eighth Circuit precedent. In reversing a district court dismissal of an indictment alleging violations of 18 U.S.C. § 242 on the grounds of vagueness, the Eighth Circuit held as follows:

8

> Under Rule 7(c) and Hamling, the indictment in the instant case is plainly sufficient. The indictment sets forth the four elements necessary for a violation of [Section] 242 (color of law, willfulness, inhabitancy of the victims, and deprivation of a right secured or protected by the Constitution or laws of the United States); specifies the federal right allegedly violated ('not to be deprived of liberty without due process of law'); notes the statute the defendants are charged with violating; identifies the defendants by name and office; identifies the victim; describes the specific acts constituting the offense ('did willfully strike, beat and assault'); and alleges the date and place of those acts.

United States v. Fleming, 526 F.2d 191, 192 (8th Cir. 1975).  In this case, the indictment identifies Defendant by name and position.  The date and location of the offense is specified as well as the initials of the victim and specifics of the acts alleged.  As the Eighth Circuit has stated, "[n]owhere … is a defendant guaranteed the right to an indictment including a full and accurate factual account of the alleged crime."  United States v. Morales, 813 F.3d 1058, 1067 (8th Cir. 2016). Here, the indictment meets the requirements set forth in multiple cases and therefore the Court recommends denying the motion to dismiss on the basis of lack of factual detail.

### b. Aggravated Sexual Abuse

Defendant asserts that Count 6 of the Second Superseding Indictment "fails to convey sufficient information for [Defendant] to prepare for trial," because it is silent regarding which version of aggravated sexual abuse is alleged as defined in 18 U.S.C. §2241(a) and referenced in 18 U.S.C. §250(b)(1). [ECF No. 95] Section 250(b) describes penalties for "civil rights offenses involving sexual misconduct." Thus, Defendant is contesting the sufficiency of a penalty provision stated in the indictment.

Count 6 of the Second Superseding Indictment provides as follows:

> [18 U.S.C. §§ 242 and 250(b)(1) and 250(b)(4)(A)]]
>
> 10. On or about December 21, 2022, within the Eastern District of Missouri, the defendant, Marcellis Blackwell, while acting under color law, willfully deprived [victim] of his right to bodily integrity, a right secured and protected by the Constitution and laws of the United Staes, when he fondled [victim's] genitals

9

under his clothing and penetrated [victim's] anus with his finer without [victim's] consent and without a legitimate government purpose, after [victim] was arrested and restrained. The defendant's conduct included kidnapping and aggravated sexual abuse. In the course of committing the offense, the defendant engaged in sexual misconduct involving aggravated sexual abuse and of the type prohibited by subsection (b) of Title 18, United States Code, Section 2244. In violation of and punishable under Title 18, United States Code, Sections 242 and 250(b)(1).

Section 250(b)(1) and (b)(4)(A) provide as follows:

> (b) Penalties.--Any person who violates subsection (a) shall be—
>
> (1) in the case of an offense involving aggravated sexual abuse, as defined in section 2241, or if the offense involved sexual abuse, as defined in section 2242, or if the offense involved an attempt to commit such aggravated sexual abuse or sexual abuse, fined under this title and imprisoned for any term of years or for life;
> …
> (4) in the case of an offense involving abusive sexual contact of the type prohibited by subsection (a)(1) or (b) of section 2244, but excluding abusive sexual contact through the clothing--
> (A) fined under this title and imprisoned for not more than 10 years…

In support of the argument that omitting the definitions of "aggravated sexual abuse" referenced in the Section 250 renders Count 6 insufficient, Defendant relies on United States v. Wearing, 837 F.3d 905, 910 (8th Cir. 2016). Wearing is inapposite as it concerns the sufficiency of the offense charged rather than a penalty statute. See id. at 910. Contrary to Defendant's position, the Eighth Circuit has held that an indictment is not defective even if it excludes an applicable penalty provision. See United States v. Bates, 77 F.3d 1101, 1105-06 (8th Cir. 1996). "An indictment must set forth each element of the crime that it charges…But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998).

In any event, Defendant is not complaining that the Government omitted the applicable penalty provision but rather objects to the absence of additional details in the form of an identification of the statutory "version" of "aggravated sexual abuse" in the penalty provision.

10

[ECF No. 95] However, even when an individual is directly charged with a substantive violation of 18 U.S.C. §2241, the Eighth Circuit has rejected an overly technical analysis of the indictment. See United States v. Villarreal, 707 F.3d 942, 957 (8th Cir. 2013) ("An indictment need not use the specific words of the statute, so long as by fair implication it alleges an offense recognized by law." (citation omitted)). Here, even without an identification of the "version" of aggravated sexual abuse, the indictment contains sufficient factual detail to apprise Defendant of the possible penalty as set forth in 18 U.S.C. § 250(b)(1) and (4). Accordingly, the Court recommends denial of Defendant's motion to dismiss Count 6.

### c. Bill of Particulars Regarding "included kidnapping" and "aggravated sexual abuse"

Defendant contends that he is entitled to a bill of particulars so that he "can prepare for trial" in connection with the "included kidnapping" allegation. [ECF No. 95] In addition, Defendant also asserts that he is entitled to a bill of particulars "identifying which variety of aggravated sexual abuse" is charged in Count 6. [ECF No. 95] The Government counters that the Second Superseding Indictment adequately "sets out the essential facts constituting the offenses of deprivation of rights under color of law…." [ECF No. 100]

The primary purpose of a bill of particulars is to apprise "the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). A bill of particulars is not intended to provide discovery or detailed disclosure of the government's evidence at trial. United States v. Lundstrom, 880 F.3d 423, 439 (8th Cir. 2018). See also United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) ("[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." (citation omitted)). More specifically, "the defendant's constitutional right is to know the offense with which he is charged,

11

not to know the details of how it will be proved." United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003) (internal quotation marks and citation omitted). If information regarding the specific charge is available from other sources, such as hearings and discovery provided by the government, the need for a bill of particulars is eliminated. See e.g. United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002). Beyond a bald contention that the Court should order a bill of particulars, Defendant provides no argument in support of a bill of particulars.[7] Based on a review of the factual material contained in the Second Superseding Indictment, the Government's identification of the specific statutes upon which it relies, and the relevant statutory language, the Court concludes a bill of particulars is not warranted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss all Counts Charging 18 U.S.C. Section 1519 [ECF No. 94] in the Second Superseding Indictment be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss Sixteen Counts charging 18 U.S.C. Section 242 [ECF No. 95] be **DENIED**, including the separate challenge to Count 6.

**IT IS HEREBY ORDERED** that the Government's Motion to Strike Surplusage [ECF No. 102] is **GRANTED**.

**FINALLY, IT IS FURTHER ORDERED** that Defendant's alternative request for a Bill of Particulars [ECF No. 95] is **DENIED**.

**The parties are advised that they have fourteen (14) days after service of this Report**

---

[7] In its response to Defendant's motion, the Government advises that Defendant has been "provided with voluminous discovery in this case, which clearly sets out the defendant's specific conduct as to each victim and count." Defendant has not disputed the Government's assertion.

**and Recommendation in which to file written objections to it**, unless an extension of time for good cause is obtained. Failure to file timely objections may result in a waiver of the right to review. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

This matter will be set for trial at a later date before the Honorable Maria A. Lanahan, United States District Judge.

                                                    _____
                                                    PATRICIA L. COHEN
                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of October, 2025