# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

    No. 4:23-CR-505 MAL

MARCELLIS BLACKWELL,

    *Defendant.*

## Order

Defendant Marcellis Blackwell moved to suppress all evidence obtained through searches of two cell phones and a Google account, alleging that the warrants authorizing the searches were impermissibly overbroad and not supported by probable cause. Doc. 67.  Blackwell also requested a separate, additional hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).[1] After an evidentiary hearing on the motion to suppress, the magistrate judge[2] issued a thorough report recommending that the Court grant in part and deny in part Blackwell's motion to suppress. Doc. 123.

First, the magistrate judge recommended suppression of certain cell phone data—specifically, location data and any records on or before November 8, 2022, on the basis that the Government conceded that such information was

---

[1] *Franks* holds that, when a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by affiant in a search warrant affidavit, and if the allegedly false statement was necessary to finding probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978).

[2] The Honorable United States Magistrate Judge Patricia L. Cohen.

beyond the scope of the warrant. Doc. 123 at 16; Doc. 82 at 10 n. 6.  Neither Blackwell nor the Government object to this recommendation.  In the absence of an objection, the district court is not required "to give any more consideration to the magistrate [judge]'s report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 151 (1985).  In the Eighth Circuit, courts review unobjected-to portions of the report and recommendation for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *United States v. Carroll*, 2022 WL 375302, at *1 (E.D. Mo. Feb. 8, 2022).  The Court finds that there is no clear error in this portion of the report and recommendation and so adopts this recommendation.

Second, the magistrate judge recommended denying the rest of Blackwell's motion to suppress evidence obtained from a search of Blackwell's two cell phones and his Google account. Doc. 123 at 13–19, 28–29.  Blackwell objects to this. Doc. 125.  Because Blackwell objects, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Under *de novo* review, the Court overrules Blackwell's objections.

Thus, the Court **GRANTS** Blackwell's motion to suppress location data or any record from on or prior to November 8, 2022, seized from the cell phones. The Court **DENIES** the motion to suppress in all other respects.  The Court **adopts** the magistrate judge's report in full, except to the extent modified by this order. *See* 28 U.S.C. § 636(b)(1).

## Discussion

Blackwell raises three objections to the report and recommendation. First, Blackwell objects to the magistrate judge's conclusions that the warrants authorizing the cell phone and Google account searches satisfied the Fourth Amendment's particularity requirement and therefore were not overbroad.

Doc. 125 at 1–3.  Second, Blackwell objects to the magistrate judge's conclusion that there was probable cause for the search.  Doc. 125 at 2.  Third, Blackwell objects to the magistrate judge's conclusion that Blackwell was not entitled to a special hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Doc. 125 at 3–6.   For the reasons discussed below, this Court overrules Blackwell's objections and adopts the magistrate judge's conclusions and recommendations.

## I.    Particularity and Overbreadth

Blackwell first objects to the magistrate judge's conclusions that the cell phone and Google account search warrants were sufficiently particular (and therefore not overbroad).  For the reasons stated below, the Court disagrees.

### A. Legal Standard

The Warrant Clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and ***particularly*** describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV (emphasis added).  Thus, the Fourth Amendment requires search warrants to "set out with particularity" "the scope of the authorized search." *Kentucky v. King*, 563 U.S. 452, 459 (2011).  "In assessing whether a warrant is sufficiently particular, [the Court] considers the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *United States v. Ivey*, 91 F.4th 915, 918 (8th Cir. 2024).  When it comes to phones, it is often the case that "[e]vidence of the offense could [be] found anywhere in the phone," and "a warrant need not be more specific than knowledge allows."  *Id*.  Further, "particularity" is about "practical accuracy rather than [ ] hypertechnicality." *United States v. Sigillito*, 759 F.3d 913, 923 (8th Cir. 2014) (quotation and citation omitted).  "The Fourth Amendment

requires particularity in the warrant, not [in] supporting documents like an application or affidavit." *Id.* (citing *Groh v. Ramirez*, 540 U.S. 551, 557 (2004)).

### B. Application of Law to Facts

Blackwell claims that all three warrants fail the particularity requirement and therefore are overbroad. Doc. 125 at 1. Blackwell objects to the cell phone warrants[3] on the grounds that they improperly authorized "general rummaging" of the cell phones' data rather than a "particular" search, which he alleges violates the Fourth Amendment. *Id.* at 2. He objected to the two phone warrants on the grounds that they wrongly authorized a search for "all …records…relating to the matters set forth in [each] attached Affidavit."[4] Doc. 125 at 2 (Blackwell objection).

Here, all three warrants were particular enough to satisfy the Fourth Amendment. Blackwell's "general rummaging" argument comes from *United States v. Shrum*, where the Eighth Circuit stated that "[t]he particularity requirement prohibits officers from conducting general, exploratory rummaging of a person's belongings, and demands that the warrant be sufficiently definite to enable the searching officers to identify the property authorized to be seized." 59 F.4th 968, 973 (8th Cir. 2023) (citation omitted). Here, there is no "general rummaging" problem. The cell phone warrants

---

[3] The phone warrants are Docs. 67-2 and 67-3. The Google account warrant is Doc. 67-6.

[4] Doc. 67-2 at 3, 5 (phone warrant #1 authorizing "the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B," which includes "all…records…relating to the matters set forth in the attached Affidavit…"); Doc. 67-3 at 3, 5 (phone warrant #2 doing same); *see also* Doc. 67-6 at 31 (Google account warrant authorizing the seizure and search of "[a]ll information" listed in 16 categories of data described in the warrant). The "Affidavit" referenced may be found at Doc. 67-1 at 2–16. A separate but substantially similar affidavit for the Google Account warrant may be found at Doc. 67-6 at 2–19.

clearly set out the property that may be searched and seized: two particular cell phones.[5] The cell phone warrants then further limit what records within those two cell phones and that Google account may be searched. Namely, the cell phone warrants "authorize[] the forensic examination of [the relevant device or account] for the purpose of identifying the electronically stored information described in Attachment B," which in turn limits that search to "materials…which constitute evidence, instrumentalities, and fruits of the criminal violations of [18 U.S.C. §] 242,…involving and occurring after November 8, 2022."[6] The Google Account warrant is similarly limited to a search of one particular Google Account for "evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 242[.]"[7]

*Shrum* determined that a similarly phrased search warrant satisfied the Fourth Amendment's particularity requirement. 59 F.4th at 973–94. In *Shrum*, the Court determined that a warrant permitting a search for and seizure of "any and all other evidence related to a sexual abuse/exploitation investigation" satisfied the Fourth Amendment's particularity requirement despite its breadth because it was "limited by the phrase 'related to a sexual abuse/exploitation investigation' and the supporting affidavit described the specific nature of the investigation at issue." *Id.* So too here. The warrants identify the type of investigation—one related to violations of 18 U.S.C. § 242[8]—and the Affidavit describes the specific nature of the investigation at issue—Blackwell's sexual abuse of persons who had been arrested. Further, "[e]vidence of the offense could [be] found anywhere in the phone" or the Google

---

[5] Doc. 67-2 at 3; Doc. 67-3 at 3; Doc. 67-6 at 28.
[6] Doc. 67-2 at 3-4; Doc. 67-3 at 3-4.
[7] Doc. 67-6 at 31.
[8] Doc. 67-2 at 4; Doc. 67-3 at 4; Doc. 67-6 at 31.

Account, and "a warrant need not be more specific than knowledge allows." *Ivey*, 91 F.4th at 918.

Blackwell argues that the magistrate judge's conclusion was wrong because the magistrate judge cited to *United States v. Davis*, 723 F. Supp. 3d 677, 687 (E.D. Mo. 2022), *aff'd*, 126 F.4th 610 (8th Cir. 2025), which Blackwell claims is inapplicable. Doc. 125 at 3. Specifically, Blackwell argues that in *Davis*, the warrant was limited to illegal conduct while here the warrants "authorized searches for all records 'relating to the matters' in the affidavit, whether those matters were lawful or not." Doc. 125 at 3. Not so. The warrants here *specifically limited* searches to "materials . . . which constitute evidence, instrumentalities, and fruits of the criminal violations of [18 U.S.C. § 242]." Doc. 67-4 at 4; Doc. 67-5 at 4; Doc. 67-6 at 31. For these reasons, both of Blackwell's "particularity" arguments fail.

## II.    Probable Cause

Blackwell also objects to the report and recommendations on the grounds that the warrants were not supported by probable cause. Blackwell's objection fails.

### A. Legal Standard

Probable cause is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause is determined by the totality of the circumstances. *United States v. Notman*, 831 F.3d 1084, 1088 (8th Cir. 2016). The totality-of-the-circumstances test is "not readily, or even usefully, reduced to a neat set of legal rules." *Florida v. Harris*, 568 U.S. 237, 243 (2013). Instead, courts apply a "common-sense approach and consider[] all the relevant

circumstances [to] determine whether probable cause exists." *United States v. Buchanan*, 167 F.3d 1207, 1211 (8th Cir. 1999).

### B. Application of Law to Facts

Blackwell does not explain in his objections why he thinks the warrants were not supported by probable cause other than to cite to his original Motion to Suppress. Doc. 125 at 2 (citing Doc. 67 at 9–10). In the Motion to Suppress, Blackwell claims lack of probable cause to search the phones for things other than calls, text messages, flashlight usage, and camera because only these four things are referenced in the Affidavit supporting the warrants. Doc. 67 at 10. Blackwell claims that internet browsing history, emails, and other phone usage were not referenced in the affidavit, meaning there was no probable cause to believe they would contain evidence of a crime, in turn meaning they should not have been searched. *Id.* This is incorrect.

There was a "fair probability that contraband or evidence of a crime w[ould] be found" on the phone because the Affidavit stated that Blackwell used a phone to illuminate and potentially take pictures of the genitals of his victims. *Warford*, 439 F.3d at 841. Thus, there was probable cause to search at least some parts of Blackwell's phones—the parts referenced in the affidavit. Contrary to Blackwell's contentions, Doc. 67 at 10, the fact that this allows the government to look through some photos and videos that may not be contraband or evidence of a crime does not mean there is no probable cause. *See Ivey*, 91 F.4th at 918; *United States v. Eggerson*, 999 F.3d 1121, 1127 (8th Cir. 2021) (probable cause supported search of entire phone).

The question then becomes whether there was "a fair probability that contraband or evidence of a crime w[ould] be found" on the phone's internet browsing history, emails, and other phone usage. *Warford*, 439 F.3d at 841. The answer is "yes." Under a common-sense approach and the totality of the

circumstances, the Court recognizes that—as the Affidavit says—searching a device used to perpetrate a crime may lead to evidence of "who has used or controlled the device," "identifying suspects; co-conspirators; persons involved in or related to criminal activity; identifying victims; helping to establish a timeline of events surrounding criminal activity; and documenting contact between co-conspirators." Doc. 67-1 at 12–13. Additionally, photos and videos do not always stay on cell phones, but are sometimes emailed or uploaded to the internet to be stored elsewhere. Thus, given the allegations that Blackwell used a phone to take photos or videos, there was a fair probability that contraband or evidence of the crime (including circumstantial evidence) would be found via email, internet browsing history, and other phone usage. *See Ivey*, 91 F.4th at 917–18 (probable cause existed to search felon's phone found with firearm in his car because "affiant explained that…offenders often use social media to talk about their crimes and to post images of their activities" and that "[e]vidence of the offense could have been found anywhere in the phone"); *Eggerson*, 999 F.3d at 1127 (probable cause supported search of entire phone).

Thus, this Court overrules the probable-cause objection.

## III.   *Franks* Hearing

Next, Blackwell objects to the magistrate judge's conclusion that Blackwell was not entitled to a special hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Doc. 125 at 3–6.

### A. Legal Standard

"Under *Franks*, a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013) (citing *Franks*, 438 U.S. at 155–56). But to trigger the right to a *Franks*

hearing, Blackwell must make a "***substantial*** preliminary showing" that both (1) "the affiant…knowingly and intentionally made false statements or made them in reckless disregard for the truth" and (2) "if the false information [were] excised (or the omitted information [were] included), the affidavit no longer establishes probable cause" to issue the search warrants. *Id.* (emphasis added). "The requirement of a substantial preliminary showing is not lightly met[.]" *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 1998) (quotation omitted).

### B. Application of Law to Facts

Blackwell claims that he should have been given a *Franks* hearing because Special Agent Boehlje made two false statements and one material omission in the affidavit supporting the search warrants for Blackwell's two cell phones. Doc. 125 at 3–6 (Blackwell's argument); *see generally* Doc. 67-1 (affidavit). As the magistrate judge already found, Blackwell has not made the substantial showing required for a *Franks* hearing. For the reasons detailed in the magistrate judge's report, the Court finds that Blackwell has not demonstrated that Special Agent Boehlje knowingly and intentionally made false statements in his affidavit or that those statements were made in reckless disregard for the truth. Doc. 123 at 20–27; *see also United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) ("[a] Franks hearing must be denied unless the defendant makes a strong initial showing of deliberate falsehood or reckless disregard of the truth.") (internal quotation omitted). Blackwell also failed to make the required "substantial preliminary showing that . . . [Special Agent Boehlje] omitted facts with the intent to mislead the issuing judge, or omitted the facts in reckless disregard of the fact that the omissions would mislead[.]" *United States v. Riaski*, 91 F.4th 933, 936 (2024). Thus, Blackwell failed to make the showing necessary to obtain a *Franks* hearing based on

omitted information. *Id.* But even if Special Agent Boehlje did either of these things, Blackwell would not be entitled to a *Franks* hearing because the affidavit in support of the warrants established probable cause even without the allegedly false or omitted statements. *Arnold*, 725 F.3d at 898; *Riaski,* 91 F.4th at 936.

### 1. Alleged False Statements

Blackwell claims that Special Agent Boehlje included two false statements in the affidavit supporting the search warrants for the two cell phones. First, he claims that the statement that one victim "told police that he 'believed Blackwell could have been recording with his cell phone' during the alleged offense" was false. Doc. 125 at 3 (citing Doc. 67 at 11; Doc. 118 at 1). Second, he claims that Special Agent Boehlje falsely claimed in the affidavit "that 'multiple victims *stated* [that] Blackwell appeared to use . . . possibly the [phone] camera' during the incidents." Doc. 125 at 4 (quoting Doc. 67-1 at 9 ¶ 13) (emphasis in original).

### a. Alleged False Statement 1: One victim "told police that he believed Blackwell could have been recording with his cell phone during the alleged offense."

The first statement—that one victim "told police that he 'believed Blackwell could have been recording with his cell phone' during the alleged offense"—was not false. At a hearing on the motion to suppress, Special Agent Boehlje testified that the victim "had talked about using a phone with a light" and that it "was [Special Agent Boehlje's] understanding . . . that [the victim] thought it was possible that [Blackwell] was using the camera." Doc. 116 at 32, ¶¶ 3–6. Special Agent Boehlje further testified that this statement was not false "[b]ecause of the information reported by [multiple victims] and the other investigators that [he] worked with." Doc. 116 at 41, ¶¶ 19–25. This makes clear that the statement in the affidavit—that the victim "believed Blackwell

could have been recording with his cell phone" when Blackwell put his smartphone down the victim's pants and underwear with its light on—was not false, but rather a reasonable inference based on the totality of the information available to Special Agent Boehlje.  Such an inference is permissible.  *See United States v. Brackett*, 846 F.3d 987, 992 (8th Cir. 2017) ("[L]aw enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant.").

Nevertheless, Blackwell argues that this statement is false because "when [the victim] was asked if Mr. Blackwell was filming, [the victim] did not say yes." Rather, "[h]is complete answer was, 'I don't know. I don't know.'" Doc. 125 at 3. "[Y]et [Special Agent Boehlje] swore in the affidavit that [the victim] had told police that he believed Mr. Blackwell could have been recording." *Id.* This is wrong for two reasons.

First, a reasonable person could have understood the victim's response to mean that he had not ruled out the possibility that Blackwell was filming—i.e., that the victim "believed Blackwell *could have* [or could not have] been recording with his cell phone."  Doc. 125 at 3; Doc. 67-1 at 6–7.

Second, Special Agent Boehlje never "swore that [the victim] affirmatively stated to police that he 'believed Blackwell could have been recording with his cell phone.'" Doc. 125 at 4.  To use Blackwell's own words, "[t]hat is simply not what the affidavit says." *Id.* at 3.  The affidavit says only that "[the victim] believed Blackwell could have been recording with his cell phone." Doc. 67-1 at 6–7.  Nowhere does the affidavit say that the victim affirmatively stated this belief to police.  Rather, the statement merely accurately recounted Special Agent Boehlje's understanding of what the victim thought was possible—that the victim "believed Blackwell could have been

recording with his cell phone" when Blackwell put his smartphone down the victim's pants and underwear with its light on.

Thus, Blackwell fails to show that the statement was false. Special Agent Boehlje's understanding that the victim thought it was possible that Blackwell was videoing is consistent with the victim not knowing for sure whether Blackwell was videoing or not. And nothing beyond that was sworn to in the affidavit despite Blackwell's mischaracterizations. The Court concludes this statement was not false.

Even if the statement was inconsistent with what the victim had said in questioning (it was not), there is no evidence that Special Agent Boehlje knowingly and intentionally made a false statement or that he made a false statement in reckless disregard for the truth. *See United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010). Even if the statement was not precisely correct, a reasonable person could have understood the victim's response to mean that the victim had not ruled out the possibility that Blackwell was filming—i.e., that the victim "believed Blackwell *could have* [or could not have] been recording with his cell phone." Doc. 125 at 3; Doc. 67-1 at 6–7. This does not rise to the level of "knowing and intentional" or "in reckless disregard for the truth." *Freeman*, 625 F.3d at 1050 (quoting *Franks*, 438 U.S. at 155); s*ee United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) ("An affiant knowingly and intentionally or recklessly includes a false statement if he in fact entertains serious doubts as to the truth of the affidavit or has obvious reasons to doubt the accuracy of the information contained therein. Inaccurate statements that result from negligence or innocent mistake are insufficient to trigger relief under *Franks*[.]") (cleaned up).

### b. Alleged False Statement 2:  "Multiple victims stated [that] Blackwell appeared to use…possibly the [phone] camera" during the incidents.

Next, Blackwell argues that he should get a *Franks* hearing because the affidavit by Special Agent Boehlje falsely declared "that 'multiple victims *stated* [that] Blackwell appeared to use…possibly the [phone] camera' during the incidents."  Doc. 125 at 4 (quoting Doc. 67-1 at 9 ¶ 13) (emphasis in original).  Not so.  Even if it were true that there was substantial evidence that this statement was false and that Special Agent Boehlje made it "knowingly and intentionally" or "with reckless disregard for the truth," Blackwell would still not be entitled to a *Franks* hearing because he has not demonstrated that there would not be probable cause to search the phone, as required.  *See Arnold*, 725 F.3d at 898 ("to merit a *Franks* hearing, [the defendant] must show . . . [that] if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause.").

Probable cause for search and seizure exists when there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  *Warford*, 439 F.3d at 841.  Here, even without the statement that "multiple victims stated [that] Blackwell appeared to use…possibly the [phone] camera" during the incidents, there was still "a fair probability that contraband or evidence of [the alleged] crime [would] be found in" the phones because Special Agent Boehlje also testified that:

> multiple victims stated Blackwell appeared to use his personal cell phone flashlight…during the 'search' Blackwell conducted on them. Additionally Blackwell had cell phone contact, phone calls and text messages with some of the victims following their arrests

and that:

> Blackwell put his hands down the front of [the victim's] pants and inside his underwear, fondling [the victim's] genitalia. Blackwell

retrieved his cell phone and put the cell phone down [the victim's] pants and underwear. [The victim] noticed the camera light on the phone to be activated…

Doc. 67-1 at 6–7, 9. The affidavit also stated that Blackwell was found in possession of two cell phones capable of taking photos and videos (*see* Doc. 67-1 at 8), that "other people claim[ed] to have been victims of a ***similar assault*** upon their arrests by Blackwell (*id.* at 9 (emphasis added)).

As the magistrate judge put it, "it was not necessary for 'multiple victims' to have reported [Blackwell's] use of his cellular phone's light and camera during the encounters because information that [he] used the phone during one assault and repeatedly after other encounters was sufficient to support probable cause for the warrants that were issued." Doc. 123 at 26. The Court overrules this objection.

### 2. Alleged Omission

Blackwell next claims that he should be granted a *Franks* hearing on the basis that Special Agent Boehlje wrongly omitted material information from the affidavits (Doc. 67-1; Doc. 67-6) relevant to the determination of and scope of probable cause. Doc. 125 at 6. Specifically, Blackwell contends that "[t]he affidavit gave the misleading impression that law enforcement had evidence of Mr. Blackwell's camera use spanning seven months from November 2022 through June 2023" even though "the actual information about potential camera use spanned just three days." *Id.*

Blackwell does not expressly state what text he believes was wrongly omitted from the affidavit, so this Court is disinclined to rule that there was a material omission. Further, as the magistrate judge noted, there is no evidence of the required "intent to mislead the judge," *see United States v. Riaski*, 91 F.4th 933, 936 (8th Cir. 2024). Doc. 123 at 27–28. The affidavits' statements that "[a]ll identified victims had been arrested by Blackwell from November 8,

2022 through June 4, 2023," is not misleading, as the affidavits do not say that every victim claimed Blackwell used his phone during every arrest. *See generally* Doc. 67-1; Doc. 67-6.

In fact, Blackwell would not be entitled to a *Franks* hearing **even if** the Court understood Blackwell to be arguing that the affidavit should have expressly stated that evidence of Blackwell's camera use spanned just three days, that the complained-of affidavit text was actually misleading, and that there was evidence of an intent to mislead.  Blackwell would also have to show that—without the allegedly misleading statement—there would have been no probable cause for the search warrants or that the scope of probable cause would have been different.  *Riaski*, 91 F.4th at 938 (denying *Franks* hearing when defendant could not show search warrant applications would have "alter[ed] the probable cause determination").  Blackwell cannot make that showing here.   There was a "fair probability"—and therefore "probable cause"—for the scope of the phone searches because Special Agent Boehlje also testified that:

> multiple victims stated Blackwell appeared to use his personal cell phone flashlight…during the 'search' Blackwell conducted on them. Additionally Blackwell had cell phone contact, phone calls and text messages with some of the victims following their arrests.

Doc. 67-1 at 9.  The affidavit also stated that Blackwell was found in possession of two cell phones capable of taking photos and videos (*see id*. at 2–3, 7–8) and that "other people claim[ed] to have been victims of a ***similar assault*** upon their arrests by Blackwell (*id*. at 9 (emphasis added)).  For all these reasons, the Court overrules this objection.

## Conclusion

Blackwell's objections to the report and recommendation regarding his motion to suppress (Doc. 125) are overruled.  The magistrate judge's report and

recommendation (Doc. 123) is adopted except as altered by this order. Blackwell's motion to suppress (Doc. 67) is **GRANTED IN PART and DENIED IN PART**. The Court **GRANTS** Blackwell's motion to suppress with respect to evidence of location data or any record from on or before November 8, 2022 seized from the cellular phones (which the Government concedes was beyond the scope of the warrant (Doc. 82 at 10)) and **DENIES** the motion to suppress in all other respects.

**SO ORDERED.**

December 19, 2025

_Maria A. Lanahan_

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE