# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,*  v.  MARCELLIS BLACKWELL,  *Defendant.* | No. 4:23-CR-505 MAL |

## Order

Before the Court are Defendant Marcellis Blackwell's objections (Doc. 126) to the magistrate judge's Report and Recommendations (Doc. 124) on Blackwell's motions to dismiss (Docs. 94, 95) counts in the Second Superseding Indictment (Doc. 84). The Report and Recommendations recommended denying Blackwell's motion to dismiss all counts of the Second Superseding Indictment charging 18 U.S.C. § 1519 (Doc. 94), denying Blackwell's motion to dismiss sixteen counts charging 18 U.S.C. § 242 (Doc. 95), and denying Blackwell's motion for a bill of particulars (Doc. 95). Blackwell objects to each of these recommendations. (Doc. 126 at 5, 1–5, and 5, respectively). Because Blackwell objects, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The Court, having reviewed the report and recommendation *de novo*, adopts the magistrate judge's recommendations and **DENIES** Defendant Marcellis Blackwell's motions to dismiss (Docs. 94, 95) and motion for a bill of particulars (Doc. 95). The Court also adopts the magistrate judge's report in full, except to the extent modified by this order. 28 U.S.C. § 636(b)(1)(C).

**Discussion**

Blackwell objects to the magistrate judge's recommendation to deny (1) Blackwell's motion to dismiss, or alternatively for a bill of particulars, on 16 counts charging violation of 18 U.S.C. § 242 (Counts 2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24, 28, 30, 32, and 34), Doc. 95, and (2) his motion to dismiss the counts charging 18 U.S.C. § 1519, Doc. 94.  The Court addresses each objection in turn.

## I.     18 U.S.C. § 242

The Second Superseding Indictment charges Blackwell with 19 counts of "deprivation of rights under color of law," 18 U.S.C. § 242.  That statute provides:

> Whoever, under color of any law…willfully subjects any person…to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States…shall be fined under this title or imprisoned not more than one year, or both;…and if…such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse…shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.  Of the 19 counts of 18 U.S.C. § 242 charged, 16 reference kidnapping, alleging (at least) that:

> Blackwell, while acting under color of law, willfully deprived [victim] of his right to bodily integrity, a right secured and protected by the Constitution and laws of the United States, when he fondled [victim's] genitals under [his] clothing, without [his] consent and without a legitimate government purpose, after [victim] was arrested and restrained.  ***[Blackwell's] conduct included kidnapping***.  In the course of committing the offense, [Blackwell] engaged in sexual misconduct of the type prohibited by subsection (b) of Title 18, United

2

> States Code, Section 2244. In violation of and punishable under Title 18, United States Code, Sections 242 and 250….

Doc. 84 at 2–15, 17–20 (Counts 2, 4, 6, 7, 11, 13, 15, 17, 18, 20, 22, 24, 28, 30, 32, and 34).

Blackwell objects to the recommendation to deny his motion to dismiss the counts charging 18 U.S.C. § 242 on four grounds. First, he claims that the counts alleging violation of 18 U.S.C. § 242 that reference kidnapping must be dismissed because the kidnapping sentencing enhancement in 18 U.S.C. § 242 is unconstitutionally vague. Doc. 126 at 1. Second, he argues that the counts alleging violation of 18 U.S.C. § 242 that reference kidnapping must be dismissed because they "fail to give sufficient notice" of what is prohibited, in violation of the Sixth Amendment and the Federal Rules of Criminal Procedure. Doc. 126 at 3–4. Third, Blackwell claims that Count 6 must be dismissed because it alleges he also engaged in "aggravated sexual abuse" but fails to specify which of at least four means of committing aggravated sexual abuse is at issue, making it impossible for him to prepare for trial. Doc. 126 at 4–5. Fourth, Blackwell claims that Count 6 must be dismissed because, in concluding Count 6 did not need to be dismissed, the magistrate judge erroneously relied on cases decided before the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the rule that an indictment "need not set forth factors that are relevant only to the sentencing" of an offender. Doc. 126 at 5. In the alternative, Blackwell argues that he is entitled to a bill of particulars that provides the elements and underlying facts for the "kidnapping" allegations and specifies which means of committing "aggravated sexual abuse" the government intends to prove. Doc. 126 at 5.

3

### A. The Counts alleging violation of 18 U.S.C. § 242 that reference kidnapping should not be dismissed on the basis of the argument that "kidnapping" in 18 U.S.C. § 242 is unconstitutionally vague.

Blackwell objects to the recommendation to deny his motion to dismiss the counts charging 18 U.S.C. § 242 on the grounds that the kidnapping sentencing enhancement is unconstitutionally vague. Doc. 126 at 1–3. It is not.

### 1. Legal Standard

"A statute is unconstitutional for vagueness if it fails to provide adequate notice of the proscribed conduct or lends itself to arbitrary enforcement." *United States v. Milk*, 66 F.4th 1121, 1134–35 (8th Cir. 2023) (quotation and citation omitted). "When reviewing for vagueness" the Court must "first determine if a statute is vague as applied to the defendant's conduct, and only if it is will [the Court] consider whether a statute is facially unconstitutional." *Id.* at 1135 (quoting *United States v. KT Burgee*, 988 F.3d 1054, 1060 (8th Cir. 2021)). A statute is vague as applied to a defendant's conduct if the statute did not give "adequate warning, ***under a specific set of facts***, that [the defendant's] behavior was a criminal offense." *Milk*, 66 F.4th at 1135 (quoting *United States v. Palmer*, 917 F.3d 1035, 1038–39 (8th Cir. 2019)) (emphasis added).

Under some circumstances, a district court must wait until the facts of a case are fully developed at trial before ruling on a vagueness challenge. *See United States v. Turner*, 842 F.3d 602, 604–05 (8th Cir. 2016). Rule 12(b) of the Federal Rules of Criminal Procedure allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion is capable of pretrial

4

determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion.'" *Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). Courts must rule on a Rule 12(b) motion before trial unless there is "good cause to defer a ruling" and deferring the ruling will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d).

### 2. Application of law to facts

Blackwell brings a facial challenge, not an as-applied one, because "[t]he issue before us is framed in purely legal form and is devoid of any factual context" relating to Blackwell's specific case. *See United States v. Stephens*, 594 F.3d 1033, 1037 (8th Cir. 2010); Doc. 95 at 2 (alleging the kidnapping enhancement in 18 U.S.C. § 242 is unconstitutionally vague because the statute does not define it). Because a party cannot succeed on a facial challenge without succeeding on an as-applied challenge, Blackwell's facial challenge fails. *See Milk*, 66 F.4th at 1135–36 (party cannot succeed on a facial challenge without first succeeding on an as-applied challenge). Should Blackwell wish to bring an as-applied challenge, he may do so at trial.[1]

---

[1] Even if Blackwell were understood as bringing an as-applied challenge (he should not be), this would be an instance in which there is "good cause to defer a ruling" on a pretrial motion under Fed. R. Crim. P. 12(d). In order to determine whether 18 U.S.C. § 242's kidnapping provision is vague as applied to Blackwell's conduct, this Court would need to know what specific conduct is at issue. And this would be based on the facts as found by the trial factfinder. *See Turner*, 842 F.3d at 605; *see also United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997) (holding that district court's void-for-vagueness determination "should be based only on the facts as they emerge at trial"); *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.) ("Rule 12 doesn't authorize…disposition [of motions] before trial" when "contested facts

5

### B. The counts referencing "kidnapping" under 18 U.S.C. § 242 do not violate the Sixth Amendment or the Federal Rules of Criminal Procedure.

Blackwell next objects to the magistrate judge's conclusion that the counts charging 18 U.S.C. § 242 give sufficient notice to prepare a defense under the Sixth Amendment and the Federal Rules of Criminal Procedure. Doc. 126 at 3. Specifically, he argues that 18 U.S.C. § 242 fails to define "kidnapping," that "kidnapping" is defined differently across different jurisdictions, that the indictment fails to contain the elements of kidnapping, and that this fails to provide sufficient notice to prepare for trial. *Id.* (citing Doc. 95 at 8–9). These arguments are the same as Blackwell's arguments in his objections regarding his vagueness challenge. Doc. 126 at 1–3.

#### 1. Legal Standard

The Sixth Amendment guarantees criminal defendants the right "to be informed of the nature and cause of the accusation[.]" U.S. Const. amend. VI. Federal Rule of Criminal Procedure 7(c)(1) requires that:

> The indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment must give the official or customary citation of the statute,

---

surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion[.]"). "Even when the court is ultimately responsible for deciding the merits of a legal defense, it is sometimes said evidence adduced at trial can provide a 'more certain framework' for its analysis—particularly when it isn't clear before trial precisely what evidence will and won't be admissible." *Pope*, 613 F.3d at 1259 (quoting *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997)).

rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1).

An indictment gives sufficient notice under the Sixth Amendment and the federal rules "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011). "Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged." *United States v. McKnight*, 799 F.2 443, 445 (8th Cir. 1986); *see also United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

### 2. Application of law to facts

The allegation that Blackwell's conduct "included kidnapping" sets forth the words of 18 U.S.C. § 242 itself, and the term "kidnapping" fairly informs Blackwell of the elements necessary to constitute the offense charged.

The Court rejects the argument that "kidnapping" in 18 U.S.C. § 242 fails to provide sufficient notice of the conduct it proscribes. True, "kidnapping" is not defined in 18 U.S.C. § 242. But statutory provisions do not have to expressly define every key term to provide sufficient notice of proscribed conduct. *See, e.g.*, *Chapman v. United States*, 500 U.S. 453, 462, 467–68 (1991) (holding that penal statute 21 U.S.C. § 841(b)(1)(B) gave adequate notice despite "mixture" and "substance" not being defined). If statutes were required to define all key terms, many federal statutes would fail to provide sufficient notice. Take, for instance, other statutes that do not define the term at issue

7

here: "kidnapping."  At least eight statutes include kidnapping as an element without defining kidnapping or expressly incorporating a definition of kidnapping.  *See* 18 U.S.C. § 115(a)(1)(A); 18 U.S.C. § 249(a)(1)(B)(ii); 18 U.S.C. § 351(b); 18 U.S.C. § 875(b); 18 U.S.C. § 877; 18 U.S.C. § 1583(a)(1); 18 U.S.C. § 1751(b); 18 U.S.C. § 1201.

Despite not expressly defining kidnapping in the statute, the kidnapping sentencing enhancement provides sufficient notice of the proscribed conduct.  "Congress is not required to define every term in a statute." *United States v. Lazzaro*, 129 F.4th 514, 525 (8th Cir. 2025) (quotation and citation omitted).  Where, as here, Congress does not specifically define an enhancement provision, the provision must be ascribed its "generic, contemporary meaning" derived from the sense in which the term is now used in the criminal codes of most States.  *Taylor v. United States*, 495 U.S. 575, 592–96, 598 (1990).  Therefore, "kidnapping," as used in 18 U.S.C. § 242, means generic kidnapping as used in the criminal codes of most States. *Id.*; *see also United States v. Goforth*, 87 F.4th 380, 381 (8th Cir. 2023) (holding that "kidnapping," as used in the United States Sentencing Guidelines, "carries a uniform or 'generic' meaning drawn from the criminal codes of most States" (citing *Taylor*, 495 U.S. at 598)).  The basic elements of kidnapping include unlawfully removing or confining a person to facilitate commission of a felony.  *See, e.g.,* Model Penal Code § 212.1. (2017).

Yet Blackwell argues in his objections that the generic meaning of kidnapping "fails to give fair notice because there is no single, generic, contemporary meaning—different jurisdictions give 'kidnapping' different meanings and different elements." Doc. 126 at 2 (citing Doc. 95 at 5), *see also id.* at 3 ("'kidnapping' carries different meaning and elements across different jurisdictions.").  Not so.  Variation in the exact formulations of kidnapping

8

offenses does not prevent "kidnapping" from having a uniform, generic meaning. *See Taylor*, 495 U.S. 575 at 589 (holding "burglary" had a generic, contemporary meaning "[a]lthough the exact formulations vary[.]"). The whole point of generic meaning is to recognize that a uniform concept of the term exists despite jurisdiction-by-jurisdiction variation. Because kidnapping offenses across jurisdictions reflect the same basic, consistent elements of unlawfully removing or confining a person for a purpose, *see, e.g.*, Model Penal Code § 212.1 (2017), a person of common intelligence can clearly understand that generic kidnapping prohibits such conduct. Thus, the kidnapping allegations fairly inform Blackwell of the elements necessary to constitute the offense charged and provide sufficient information for Blackwell to prepare for trial.

Moreover, the Eighth Circuit has already recognized that "'kidnapping' carries a uniform or 'generic' meaning" in the United States Sentencing Guidelines. *See Goforth*, 87 F.4th at 381. Therefore, this Court holds that "kidnapping" in 18 U.S.C. § 242 does too. The kidnapping sentencing enhancement in 18 U.S.C. § 242 does not fail to provide sufficient notice under the Sixth Amendment or the Federal Rules of Criminal Procedure. "Kidnapping" refers to generic kidnapping as derived from the sense in which the term is used in the criminal codes of most states. *See Taylor*, 495 U.S. at 592–96 (1990); *Goforth*, 87 F.4th at 381.

The kidnapping allegations provide Blackwell with sufficient notice under the Sixth Amendment and the Federal Rules of Criminal Procedure. The Court overrules Blackwell's objection.

9

### C. Count 6 need not be dismissed for not specifying a single theory of "aggravated sexual abuse."

Blackwell objects to the magistrate judge's recommendation to deny Blackwell's motion to dismiss Count 6 for failure to define "aggravated sexual abuse." Doc. 126 at 4–5 (objection to R&R); Doc. 95 at 9–10 (motion to dismiss). He claims that there are four different types of "aggravated sexual abuse" that the indictment could be referencing, and without knowing which one the government is referencing, he cannot prepare for trial. Doc. 126 at 4–5; Doc. 95 at 9–10. Blackwell alleges this violates his Fifth and Sixth Amendment rights to be charged only by a grand jury and to be informed of the nature and cause of the accusation. Doc. 126 at 4–6; Doc. 95 at 9–10.

#### 1. Legal Standard

An indictment gives a defendant sufficient notice of the conduct charged "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117; *see also Huggans*, 650 F.3d at 1217. "Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged." *McKnight*, 799 F.2 443, 45 (8th Cir. 1986); *see also Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). "The government is free to prove a defendant's liability for one criminal offense using multiple theories of guilt." *United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008). An indictment does not have to make clear which theory of liability the government will use to prove a particular element. *United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007) ("An indictment need not plead the government's theory of liability."); *see also* Fed. R. Crim. P. 7(c)(1) ("A count

may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.").

### 2. Application of law to facts

Count 6 of the Second Superseding Indictment alleges that Blackwell's conduct involved "aggravated sexual abuse" and that the count would be "punishable under" 18 U.S.C. § 250(b)(1). Doc. 84 at 5. Section 250(b)(1) sets the maximum penalty at life imprisonment when the offense involves "aggravated sexual abuse, as defined in [18 U.S.C. §] 2241[.]" 18 U.S.C. § 250(b)(1). Blackwell is correct that 18 U.S.C. § 2241 provides multiple ways a person can commit "aggravated sexual abuse." *See* 18 U.S.C. § 2241(a), (b), (c). But the indictment need not spell out which theory of aggravated sexual abuse it will rely on, as the government may rely on more than one. *Zackery*, 494 F.3d 644, 649 (8th Cir. 2007); *Platter*, 514 F.3d at 787; *see also* Fed. R. Crim. P. 7(c)(1). The elements for each type of aggravated sexual abuse are contained in 18 U.S.C. § 2241. Blackwell can use that statute to prepare for trial. Thus, Count 6 of the indictment contains sufficient information to fairly inform Blackwell that he has been charged with aggravated sexual abuse as defined in 18 U.S.C. § 2241, the elements of which are enumerated therein. The Court overrules this objection.

### D. *Apprendi* is not a reason to dismiss Count 6 either.

Blackwell objects to the magistrate judge's recommendation to not dismiss Count 6 of the indictment because, he argues, the magistrate "erroneously relied on pre-*Apprendi* cases for the rule that an indictment 'need not set forth factors that are relevant only to the sentencing' of an offender." Doc. 126 at 5 (quoting Doc. 124 at 10, in turn quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998)). Blackwell argues that "aggravated

11

sexual abuse" must be charged in the indictment under the Fifth and Sixth Amendment because it is a sentencing allegation other than a prior conviction. Doc. 126 at 5 *(*citing *Apprendi v. New Jersey*, 530 U.S, 466, 476 (2000)).

### 1. Legal Standard

While construing a federal statute in *Jones v. United States*, the Supreme Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 526 U.S. 227, 243 n. 6 (1999). In *Apprendi*, the Supreme Court extended that rule to state statutes under the Fourteenth Amendment. 530 U.S. at 476.

### 2. Application of law to facts

Blackwell is correct that the allegation of "aggravated sexual abuse" is a sentencing allegation other than a prior conviction and must be charged in the indictment under the Fifth and Sixth Amendments (although more precisely under *Jones* rather than *Apprendi* based on the federal nature of the criminal statute at issue). But he is wrong to think that the magistrate judge's citation to pre-*Apprendi* cases justifies dismissal of Count 6. "Aggravated sexual abuse" *was* charged in Count 6 of the indictment. *See* Doc. 84 at 5. And the allegation of "aggravated sexual abuse" in Count 6 provided sufficient information to fairly inform Blackwell that he has been charged with aggravated sexual abuse as defined in 18 U.S.C. § 2241, the elements of which are enumerated in the statute referenced by the indictment. *See supra*, Part I. B. and I. C. Count 6 need not be dismissed based on *Apprendi*. The Court overrules this objection.

12

### E. Blackwell is not entitled to a bill of particulars further defining "kidnapping" and "aggravated sexual abuse."

Blackwell also objects to the magistrate's conclusion that he was not entitled to a bill of particulars. Doc. 126 at 5. Specifically, Blackwell rehashes the same arguments he made about why the kidnapping and sexual abuse allegations should be dismissed. *Id.*; *supra*, parts I.A., I.B., and I.C.

#### 1. Legal Standard

The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial; and 'to avoid or minimize the danger of surprise at trial.'" *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing *United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002)). The purpose is not, however, to provide the defendant with discovery or to provide detailed disclosure of the government's evidence. *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018). Courts have broad discretion to deny motions for a bill of particulars. *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993).

#### 2. Application of law to facts

Blackwell argues that a bill of particulars is warranted because (1) the elements and underlying facts for the kidnapping allegations were not identified, and (2) the aggravated sexual abuse allegation was not narrowed to a single theory of liability. Doc. 126 at 5. Both arguments fail for the same reasons set forth in Part I.B and I.C. The Court finds that a bill of particulars is not appropriate and overrules this objection.

### II.   18 U.S.C. § 1519

In a second motion to dismiss, Blackwell moved to dismiss all counts charging 18 U.S.C. § 1519 in the Second Superseding Indictment (Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31, 33, and 35) on the ground that they

13

failed to state an offense. Doc. 94 at 1. Each of those counts of the Second Superseding Indictment included the allegation that Blackwell "altered, concealed, covered up, and falsified a NCPC record by turning off his department-issued body worn camera" at a relevant time. Doc. 84 at 3–4, 6–10, 12–21. In his motion to dismiss each of these offenses, Blackwell claimed that turning off a department-issued body-worn camera at a relevant time does not constitute "alter[ing], conceal[ing], cover[ing] up, [or] falsifying" a record. Doc. 94 at 2. Thus, Blackwell argued that each of these counts should have been dismissed. *Id*. In the alternative, Blackwell "move[d] to strike from these [18 U.S.C. § 1519] counts the allegation that he altered, concealed, covered up, and falsified a NCPC record 'by turning off his department-issued body worn camera.'" Doc. 94 at 1.

The government responded to Blackwell's arguments by moving to dismiss the challenged language from each § 1519 count except Count 35, which the government moved to dismiss completely. Doc. 102 at 1 (Government's Motion to Strike Surplusage); Doc. 103 (Motion to Dismiss Count 35). The magistrate judge granted the government's motion to dismiss Count 35. The magistrate judge then granted the government's motion to strike (in the rest of the counts) the words "turning off his department-issued body worn camera before concluding his interaction with [initials of respective victim] and," on the basis that both the government and Blackwell agreed to striking that language. Doc. 124 at 3. In the absence of the stricken language, the magistrate judge recommended denying Blackwell's motion to dismiss the counts charging 18 U.S.C. § 1519. *Id*. at 5.

### A. The counts charging 18 U.S.C. § 1519 need not be dismissed.

Blackwell objects to the magistrate judge's recommendation to deny his motion to dismiss, arguing that these counts should be dismissed because they

14

still fail to state an offense. He also argues they should be dismissed because, according to him, these counts included an invalid legal theory when the grand jury returned the indictment. Doc. 126 at 5–6.  The Court disagrees.

### 1. Legal Standard

The Fifth Amendment provides that "[n]o person shall be held to answer for a[n]…infamous crime, unless on a presentment or indictment of a grand jury."  U.S. Const. amend. V.  Generally, a grand jury indictment "may not be amended." *United States v. Ross*, 210 F.3d 916, 922 (8th Cir. 2000) (citing *United States v. Burnett*, 582 F.2d 436, 438 (8th Cir. 1976)).  "The court may, however, amend an indictment by striking language that is merely a matter of form, or where the language omitted is surplusage and nothing is thereby added to the indictment and the remaining allegations state the elements of an offense." *Id.* (cleaned up).

### 2. Application of law to facts

Because the magistrate judge struck the allegedly offensive language, Blackwell's motion to dismiss on the grounds that the indictment includes that language is moot.

Blackwell also claims that the 18 U.S.C. § 1519 counts should be dismissed because "the grand jury returned an indictment based on an invalid legal theory" (even if the allegedly offending language is now stricken).  Doc. 126 at 5–6.  Blackwell provides no authority supporting his argument, and it fails anyway.

The counts alleging violation of 18 U.S.C. § 1519 in the original Second Superseding Indictment (the one including Count 35) did not allege that simply turning off one's "department-issued body worn camera before concluding [an] interaction with [a victim]," Doc. 84 at 3–4, 6–10, 12–20, is itself sufficient to "knowingly alter[], conceal[], cover[] up, or falsif[y]…any record" under 18

15

U.S.C. § 1519.  The better read of Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31, and 33 of the Second Superseding Indictment is that turning off one's body camera and *then lying about it in the record one subsequently writes* constitutes "knowingly alter[ing], conceal[ing], cover[ing] up, or falsif[ying]…[a] record."  Here is the full text from the Second Superseding Indictment:

> Specifically, the defendant knowingly altered, concealed, covered up, and falsified a NCPC record by turning off his department-issued body worn camera before concluding his interaction with K.W. and including a false statement in his written report of the arrest of K.W., ***specifically that his department-issued body camera was active and recorded the entirety of the call***.

Doc. 84 at 4 (emphasis added).  Dropping the words: "turning off his department-issued body worn camera before concluding his interaction with [initials of respective victim] and" is not necessary to the offense alleged in Counts 3, 5, 8, 10, 12, 14, 16, 19, 21, 23, 25, 27, 29, 31, and 33, and so does not violate the Fifth Amendment right to be indicted by a grand jury.  *See Ross*, 210 F.3d at 922 ("[t]he court may . . . amend an indictment by striking language that is . . . surplusage and nothing is thereby added to the indictment and the remaining allegations state the elements of an offense) (cleaned up); *see also United States v. Miller*, 471 U.S. 130, 136 (1985) ("A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'" (quoting *Ford v. United States*, 273 U.S. 593, 602 (1927))).  The Court denies Blackwell's motion to dismiss all remaining counts charging 18 U.S.C. § 1519 and overrules this objection.

## Conclusion

Blackwell's objections (Doc. 126) are **overruled,** and Judge Cohen's report and recommendation (Doc. 124) is **adopted** except as altered by this

16

order. Blackwell's motion to dismiss all counts charging 18 U.S.C. § 242, including his separate challenge to Count 6, is **DENIED**. Blackwell's motion for a bill of particulars is **DENIED**. Blackwell's motion to dismiss the counts charging 18 U.S.C. § 1519 is **DENIED.**

**SO ORDERED.**

December 22, 2025

*Maria A. Lanahan*
Maria A. Lanahan
United States District Judge