UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MARCELLIS BLACKWELL,

     Defendant.

Case No. 4:23-cr-00505-MAL

### DEFENDANT MARCELLIS BLACKWELL'S RESPONSES TO THE GOVERNMENT'S MOTIONS *IN LIMINE*

The government filed motions *in limine* at ECF No. 148 and Defendant Marcellis Blackwell, through counsel, responds as follows. As used here, "MIL" stands for Motion *In Limine* and "FRE" refers to the Federal Rules of Evidence.

**1.      Government's MIL 1 is overly broad regarding the hearsay rule, and it misapplies and misquotes Federal Rule of Evidence 106.**

The Federal Rules of Evidence do not prohibit the admission of "self-serving statements." They generally make hearsay inadmissible, FRE 802, but whether a statement qualifies as hearsay does not depend on whether it is self-serving. It depends on whether the statement is offered "to prove the truth of the matter asserted in the statement," regardless of whether the truth of the matter is self-serving. FRE 801(c). A defendant's own prior statement is not hearsay if the defendant offers it to prove something other than the matter asserted in the statement. Self-serving or not, so long as it is offered to prove something other than the truth of the matter asserted, it is not hearsay.

Moreover, many hearsay exceptions can apply to a defendant's prior statements. A defendant's self-serving statement can qualify as a present sense impression, or excited utterance, or statement of then-existing mental/emotional/physical condition, among other possible exceptions. FRE 803(1), (2), (3); *United States v. French*, 900 F.2d 1300, 1303 (8th Cir.

1

1990) (the defendant's prior statement to his mother could qualify for a hearsay exception in FRE 803, although the statement was properly excluded because it was irrelevant).

The government's MIL 1 is too broad because it categorically seeks to exclude all "self-serving statements" regardless of whether they (a) are not offered for the truth of the matter asserted and (b) fit within a hearsay exception.

Regarding FRE 106, the government misquotes and misapplies this rule, which was significantly amended in 2023. The government quotes the old version of the rule that applied to "a writing or recorded statement," ECF No. 148 at 2, but the current rule is broader and applies to any "statement" whether recorded or written or oral. FRE 106. The rule was amended in 2023 "to cover all statements including oral statements that have not been recorded." Advisory Committee Notes to 2023 Amendment to FRE 106.

The 2023 amendment to FRE 106 also changed the law so that when the rule allows the admission of the remainder of a statement, the remainder "is admissible over a hearsay objection." Advisory Committee Notes to 2023 Amendment. The 2023 amendment resolved conflicts among courts by clarifying that when the fairness standard in FRE 106 requires admission of a completing statement, the hearsay rule cannot exclude it. *Id.*

Mr. Blackwell respectfully asks that the Court rule on any of the government's hearsay objections as they arise during trial. Alternatively, if the government's MIL 1 is directed to *specific* self-serving statements, the government should identify those statements so the Court can make an informed decision on the government's hearsay objection.

**2.      Government's MIL 2 seeks to exclude some evidence that is not character evidence and is relevant.**

The government seeks to exclude as character evidence any indication that Mr. Blackwell ever successfully performed his duties as a police officer or received any recognition or positive performance review. Mr. Blackwell does not plan to present a defense based on his good

character. But the government's motion fails to recognize that some of this evidence is not character evidence and is relevant for other purposes.

The obstruction counts require the government to prove that Mr. Blackwell, through the text he wrote in police reports, acted with specific intent to impede or obstruct or influence an investigation. As is standard police practice, a supervisor reviewed Mr. Blackwell's police reports before the reports were finalized. The supervisor thus knew what information Mr. Blackwell included in his reports and, by approving those reports, signaled that these reports were appropriate. The supervisor's approval would then convey to Mr. Blackwell or any other officer that writing future reports in the same manner would also be appropriate and likely get the supervisor's approval. In contrast, if a supervisor rejects an officer's report because the report is incomplete or needs revisions, that rejection will inform the officer's intent about what information should be omitted from and included in future reports. The text of Mr. Blackwell's reports and his intent when including certain language are highly relevant to the charges of 18 U.S.C. § 1519. A favorable performance review or other evidence that Mr. Blackwell's superiors sent the message that he was performing his job well is relevant to Mr. Blackwell's intent when he wrote the police reports at issue. This is not character evidence. A supervisor's praise or other feedback is intended to shape an officer's future behavior and is relevant to the officer's intent when he does police work in the future.

When a supervisor praises an employee's behavior or gives a favorable performance review, it sends a message of positive reinforcement. The employee will continue performing tasks in the ways that led to the praise or performance review. The employee's *intent* in doing so is affected by what the employee's supervisors said about past behavior. That is why a supervisor's praises or favorable performance reviews are relevant to intent, and are not character evidence.

For example, suppose a supervisor tells a new officer, "I liked that report you wrote, great job." The officer may then intentionally draft future reports in the same style because he wants to

continue meeting the supervisor's expectations and earning that approval. If a later dispute arises over why the officer included certain content in his reports—that is, what his intent was in writing them—the supervisor's earlier statement is relevant because it helps explain the officer's motive and intent. The statement is not character evidence offered to show the officer acted in conformity with a character trait. Rather, it is relevant evidence regarding the officer's intent in writing future reports.

Rather than categorically exclude this kind of evidence as inadmissible character evidence, Mr. Blackwell requests that the Court defer ruling until and unless this issue arises during trial.

**3.      Government's MIL 3 – jury nullification is not an issue.**

In closing argument, Mr. Blackwell does not intend to argue for jury nullification. To the extent this motion applies to closing argument, the defense does not object.

As for introducing evidence "that would encourage jury nullification," ECF No. 148 at 5, defense counsel does not plan to elicit any evidence for the purpose of nullification but does not know what kind of evidence the government is referencing. Defense counsel respectfully asks the government to specify what kind of evidence would encourage nullification.

**4.      Government's MIL 4 – potential penalties could be relevant on issues of witness credibility.**

The defense agrees that the penalty to be imposed is a matter solely for the Court, not the jury, but a witness's expectations and desires about punishment are relevant to the witness's credibility and can be proper subjects of cross-examination.

When considering a witness's credibility, juries consider "any motives that witness may have for testifying a certain way" (8th Cir. Criminal Instruction No. 3.04) including the witness's interest in the outcome of the proceedings. *United States v. Anderson*, 688 F.3d 339, 345 (8th

Cir. 2012). A witness's interest in what happens to Mr. Blackwell (if he is acquitted and released or convicted and if so, how long he is incarcerated) is relevant to the witness's credibility. Mr. Blackwell has a Sixth Amendment right to confront and cross-examine witnesses and explore areas of potential bias, including their interest in the outcome.

If Mr. Blackwell testifies, his own interest in the outcome will be relevant to his credibility. The defense would be surprised if the government did *not* cross-examine him about his interest in not being convicted and incarcerated.

Thus, although the actual punishment to be imposed is generally not relevant, a *witness's expectations and desires* about potential penalty are relevant to credibility. Because a witness's expectations and desires about potential punishment can be relevant to credibility and are proper subjects for cross-examination protected by the Sixth Amendment, Mr. Blackwell objects to a blanket ruling excluding all references to potential penalties.

**5.      Government's MIL 5 – the defense has complied with Rule 16(b).**

The defense has and will continue to comply with Federal Rule of Criminal Procedure 16(b). That rule encompasses documents and objects and reports of examination and tests that both (i) are within the defendant's possession, custody, or control, and (ii) the defendant intends to use in the defendant's case-in-chief (or for reports of tests, intends to call the witness who prepared the report and the report relates to the witness's testimony). Fed.R.Crim.P. 16(b)(1)(A), (B).

The government's disclosure of the witness list by August 10, 2026, *see* ECF No. 137 at 3 ¶ 8, might affect the content of the defendant's case-in-chief, and thus might affect what falls within or outside of Rule 16(b)'s disclosure requirement. Yet the government has requested that defense disclosures occur by the date of the pretrial conference on July 29, 2026, ECF No. 148 at 8, before the defense knows what witnesses the government will call. At this time, the defense has no document or object or report of examination or test to disclose under Rule 16(b), and if

future events cause any information to fall within Rule 16(b)'s disclosure requirements, the

defense will timely disclose it.


Respectfully submitted,

Dated: July 22, 2026

*/s/ Evan C. Greenberg*
Evan C. Greenberg #271356CA
The Law Offices of Evan Greenberg, LLC
231 S. Bemiston Ave., Suite 800
St. Louis, MO 63105
Phone: 314-403-2039
Fax: 650-326-9704
Email: evan@evangreenberglaw.com
Attorney for Defendant

6